**THOMSON CONSUMER ELEC-
TRONICS, INC., Appellant–
Third–Party Plaintiff,**

v.

**WABASH VALLEY REFUSE
REMOVAL, INC., Appellee–
Third–Party Defendant.**

No. 27A02–9505–CV–245.

Court of Appeals of Indiana.

Nov. 22, 1995.

Rehearing Denied Feb. 6, 1996.

Edward L. Murphy, Jr., Larry L. Barnard, Miller Carson Boxberger & Murphy, Fort Wayne, for Appellant.

Donald K. McClellan, McClellan, McClellan & Arnold, Muncie, for Appellee.

### OPINION

KIRSCH, Judge.

Thomson Consumer Electronics, Inc., (Thomson) appeals the trial court's Order dismissing its third-party complaint against Wabash Valley Refuse Removal, Inc., (Wabash Valley). Thomson presents two issues in this interlocutory appeal which we consolidate and restate as follows:

Whether Thomson is entitled to indemnity from Wabash Valley under the Indiana Comparative Fault Act (Act)? [1]

We affirm.

### FACTS AND PROCEDURAL HISTORY

Thomson and Wabash Valley entered into a contract by which Wabash Valley agreed to remove refuse from Thomson's plant in Marion, Indiana. The contract contained the following indemnity provision:

"14. Indemnification: To the extent that [Wabash Valley's] agents, employees or subcontractors enter upon premises occupied by or under control of [Thomson], or any of its customers, or suppliers, in the course of the performance of this Order, [Wabash Valley] shall take all necessary precautions to prevent the occurrence of any injury (including death) to any persons, or any damages to any property, arising out of any acts or omissions of such agents, employees or subcontractors, and except to the extent that any such injury or damage is due solely and directly to [Thomson's] negligence, shall indemnify [Thomson] against any loss, claim, damages, liability, expense (including reasonable attorney's fees) and cause of action, whatsoever, arising out of any act or omission of [Wabash Valley], its agents, employees or subcontractors...."

*Record* at 19.

Luther D. Steele, Jr., (Steele) a Wabash Valley employee, was injured when he attempted to remove refuse at Thomson's plant. Steele filed a Complaint against Thomson for his injuries. Thomson filed a third-party complaint against Wabash Valley based on the contractual indemnity provision. Thomson alleged that Wabash Valley should be vicariously liable for Steele's negligence based on the doctrine of respondeat superior.

1. IC 34–4–33–1, *et seq* (1994 Supp.).

Wabash Valley sought and received a dismissal of Thomson's third-party complaint under Ind.Trial Rule 12(B)(6). Thomson then filed for interlocutory appeal. The trial court certified the matter, and we accepted jurisdiction pursuant to Ind.Appellate Rule 4(B)(6).

## STANDARD OF REVIEW

When reviewing the dismissal of a complaint under T.R. 12(B)(6), this court examines the complaint's legal sufficiency and accepts the alleged facts as true. *Gray v. Westinghouse Electric Co.* (1993), Ind.App., 624 N.E.2d 49, 52, *trans. denied.* In a light most favorable to the plaintiff, we then determine whether the complaint states any allegation upon which relief may be granted. *P & P Oil Service Co. v. Bethlehem Steel Corp.* (1994), Ind.App., 643 N.E.2d 9, 10. Dismissal is appropriate only when it appears from the face of the complaint that the plaintiff is not entitled to relief under any circumstances. *Id.*

Wabash Valley failed to file its brief within the time permitted by Ind.Appellate Rule 8.1(B), and we granted Thomson's motion to strike Wabash Valley's brief. Where the appellee fails to respond to the appellant's brief, the appellant need only establish prima facie error to obtain a reversal of the trial court. *Valley Fed. Sav. Bank v. Anderson* (1993), Ind.App., 612 N.E.2d 1099, 1101. It is important to note, however, that this rule is not designed for the appellant's benefit. In *Stephens v. Stephens* (1995), Ind. App., 646 N.E.2d 682, this court stated:

> "This rule ... was established for the protection of the court so that the court might be relieved of the burden of controverting the arguments advanced for a reversal where such a burden rests with the appellee. However, we are not compelled to apply this lesser standard and may, in our discretion, decide the case on the merits."

*Id.* at 684 (citation omitted). We elect to decide this case on the merits.

## DISCUSSION AND DECISION

Thomson asserts that the contributory fault of Steele should be imputed to Wabash Valley on the basis of respondeat superior.

Thomson claims that it is entitled to indemnification from Wabash Valley in two distinct factual scenarios: (1) when Thomson and Wabash Valley were concurrently negligent in causing Steele's injury; and (2) when Wabash Valley was solely responsible for Steele's injury.

The first scenario is governed by *Indianapolis Power & Light Co. v. Brad Snodgrass* (1991), Ind., 578 N.E.2d 669. In *Snodgrass,* Indianapolis Power & Light Company (IPL) was having some renovation done by J.A. House, Inc. (House), the general contractor. House had entered into a subcontract with Snodgrass Sheet Metal (Snodgrass). Billie J. Gillespie (Gillespie), a Snodgrass employee, was injured during the renovation. Gillespie brought a negligence suit against IPL and House; he omitted Snodgrass from his complaint. IPL and House then brought a third-party claim against Snodgrass seeking contractual indemnification for any liability arising from Gillespie's injuries. The indemnification agreement stated:

> "The subcontractor [Snodgrass] covenants to indemnify and save harmless and exonerate the Contractor [House] and the Owner [IPL] of and from all liability, claims and demands for bodily injury and property damage arising out of the work undertaken by the Subcontractor, its employees, agents or its subcontractors...."

*Id.* at 670 (alteration in original). Our supreme court held that the "fault apportionment process under the [Indiana Comparative Fault Act] does not give rise to vicarious liability and resulting indemnification rights." *Id.* at 673.

Here, as in *Snodgrass,* an employee sustains personal injuries, sues a party other than his employer, and the defendant then attempts to enforce an indemnity agreement against the plaintiff's employer. The critical similarity between these cases is that both sets of defendants attempted to hold the plaintiff's employer vicariously liable for any fault attributable to the plaintiffs. Our supreme court refused to extend the scope of the Indiana Comparative Fault Act (Act) to cover an indemnity right based on vicarious

liability. *Id.* at 673. We also refuse to do so here.

Under the Act "any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault...." IC 34–4–33–3. Applying this standard to the case of concurrent negligence, the alleged negligence of Steele which Thomson seeks to attribute to Wabash Valley would proportionately decrease a damage award that Thomson would have to pay Steele. Any fault attributed to Wabash Valley or Steele would automatically reduce the damages due from Thomson, and Thomson would then compensate Steele only for that portion of total fault that resulted from Thomson's negligence.

The indemnity clause of the contract precludes indemnity for losses resulting from Thomson's sole fault. Under the fault allocation set forth in the Act, however, Thomson can only be held responsible for that portion of the total fault which it alone bears. Thus, the indemnity clause itself precludes indemnity where Thomson and Wabash Valley are concurrently negligent.

■ We agree with Thomson that in the second scenario posed, where Thomson is not negligent, that it would be able to collect its costs and attorney fees in defending the action brought by Steele. *See Essex Group, Inc. v. Nill* (1992), Ind.App., 594 N.E.2d 503, 507–08 ("An indemnitee who incurs legal expenses through defending an action against him for which he is entitled to indemnification may recover the expenses of maintaining the defense, including reasonable attorney's fees.") Here, the indemnification clause provides that Wabash Valley, "shall indemnify [Thomson] against any loss, claim, damages, liability, expense (including reasonable attorney's fees) ... arising out of any act or omission of [Wabash Valley], its agents, employees or subcontractors...." *Record* at 19. Hence, in the case where Thomson is not negligent, based on this provision, Thomson may have a valid claim against Wabash Valley for costs and attorney's fees.

■ Thomson's indemnity claim for costs and attorney fees, however, is independent of Steele's suit against Thomson, and may not be brought by third-party complaint. Pursuant to Ind.Trial Rule 14(A), a third-party plaintiff may implead a "person not a party to the action who is or may be liable to him [the third-party plaintiff] for all or part of the plaintiff's claim against him." Here, Thomson can recover on its indemnity claim only if it is not at fault and only to the extent of its attorney fees and costs in defending the action brought by Steele. Such fees and costs are not part of Steele's claim. If Thomson is not at fault, then it would not be liable for making any payments directly to Steele. In *Pivarnik v. Northern Indiana Pub. Serv. Co.* (1994), Ind., 636 N.E.2d 131, 136, our supreme court stated that "The essence of [T.R. 14(A)] derives from the situation in which the third-party defendant's liability to the original defendant is contingent upon that defendant being held liable to the original plaintiff...." Here, the liability of Wabash Valley to Thomson is not contingent upon Thomson's liability to Steele, but upon Thomson's non-liability. As a result, Thomson must bring a separate suit against Wabash Valley to recover its costs and attorney fees.

Affirmed.

FRIEDLANDER and RUCKER, JJ., concur.