**THOMSON CONSUMER ELECTRONICS, INC., Appellant/Third–Party Plaintiff,**

v.

**WABASH VALLEY REFUSE REMOVAL, INC., Appellee/Third–Party Defendant.**

No. 27S02–9606–CV–451.

Supreme Court of Indiana.

July 15, 1997.

Edward L. Murphy, Jr., Larry L. Barnard, Miller Carson Boxberger & Murphy, Fort Wayne, for Appellant/Third–Party Plaintiff.

Donald K. McClellan, McClellan, McClellan & Arnold, Muncie, for Appellee/Third–Party Defendant.

ON PETITION TO TRANSFER

DICKSON, Justice.

We granted transfer in this appeal from a trial court's dismissal of a third-party complaint. This matter arises from litigation initiated by Luther D. Steele, Jr., seeking damages for personal injuries. Steele, an employee of Wabash Valley Refuse Removal, Inc. ("Wabash Valley"), was injured when he attempted to remove refuse at the Marion, Indiana, plant of Thomson Consumer Electronics, Inc. ("Thomson"). Wabash Valley had agreed to remove refuse from Thomson's plant pursuant to Thomson's written purchase order which contained an indemnification provision. Steele filed his complaint against Thomson, who filed a third-party complaint for indemnity against Wabash Valley, who then sought and obtained dismissal of the third-party action under Indiana Trial Rule 12(B)(6). The Court of Appeals permitted Thomson to present an interlocutory appeal, but affirmed the dismissal. *Thomson Consumer Electronics, Inc. v. Wabash Valley Refuse Removal, Inc.*, 658 N.E.2d 92 (Ind.Ct. App.1995).

Thomson asserts on appeal that the dismissal was erroneous because its third-party complaint sufficiently stated a claim upon which relief could be granted. Wabash Valley defends the dismissal, arguing that the indemnification clause in its contract with Thomson does not apply to the circumstances of this case.

In reviewing a dismissal under Trial Rule 12(B)(6), an appellate court must determine whether, in the light most favorable to the plaintiff and with every inference drawn in his favor, the complaint stated any set of allegations upon which the trial court could have granted relief. *See Culver–Union Township Ambulance Serv. v. Steindler*, 629 N.E.2d 1231, 1235 (Ind.1994); *Couch v. Hamilton County Bd. of Zoning Appeals*, 609 N.E.2d 39, 41 (Ind.Ct.App.1993); *Ivey v. Massachusetts Bay Ins. Co.*, 569 N.E.2d 692, 694 (Ind.Ct.App.1991); *Lincoln Nat'l Bank v. Mundinger*, 528 N.E.2d 829, 832 (Ind.Ct. App.1988). Dismissals under Trial Rule 12(B)(6) are "improper unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts." *Obremski v. Henderson*, 497 N.E.2d 909, 910 (Ind. 1986). Trial Rule 12(B)(6) is based on a notice pleading system, where functionalism is prized over formalistic recitations. *Martin v. Shea*, 463 N.E.2d 1092, 1093 (Ind.1984); 1 WILLIAM F. HARVEY, INDIANA PRACTICE, Author's Comments 8.1 (2d ed. 1987).

Thomson's third-party complaint first identifies and incorporates the purchase order it issued to Wabash Valley, pursuant to which Wabash Valley agreed to provide dumpsters and remove refuse from Thomson's plant. The third-party complaint specifically recites the following indemnification provision in the purchase order.

14. **Indemnification:** To the extent that Seller's [Wabash Valley's] agents, employees or subcontractors enter upon premises occupied by or under control of TCE [Thomson], or any of its customers or suppliers, in the course of the performance of this Order, Seller shall take all necessary precautions to prevent the occurrence of any injury (including death) to any persons, or any damage to property, arising out of any acts or omissions of such agents, employees or subcontractors, and *except to the extent that any such injury or damage is due solely and directly to TCE's negligence, shall indemnify TCE against any loss, claim, damages, liability, expense (including reasonable attorney's fees) and cause of action, whatsoever, arising out of any act or omission of the Seller, its agents, employees or subcontractors,* and Seller shall maintain such Public Liability, Property Damage and Employer's Liability and Compensation Insurance as will protect TCE from any of said risks and from any claims under any applicable Worker's Compensation and Occupational Disease Acts.

Record at 19–20 (emphasis added). Thomson's third-party complaint next alleges that at all relevant times Steele was acting within the scope of his employment as a Wabash Valley employee, that Steele's negligence is imputed to Wabash Valley, and that Thomson is entitled to indemnity from Wabash Valley for all monies paid to Steele and for all costs and expenses incurred in defense of

Steele's claim. The third-party complaint does not allege any independent negligence on the part of Wabash Valley or any of its agents or employees, other than plaintiff Steele.

Thomson argues that there are two circumstances under which it would be entitled to recover against Wabash Valley by virtue of its third-party complaint for indemnity. The first is if the plaintiff's injuries "were proximately caused by the concurrent negligence of an employee of Wabash Valley and Thomson." Brief of Appellant at 8. The second is "if the jury determines that Thomson was not negligent, and that Steele's injuries are the proximate result of his own negligence," *id.*, in which case Thomson could recover its attorney fees in defending against Steele's action. Because we find the first circumstance determinative, we do not address the second.

Wabash Valley argues that, because the plaintiff Steele includes no claim against Wabash Valley, there is no issue of concurrent negligence as to both Thomson and Wabash Valley. It next asserts that it is "a legal impossibility" for Wabash Valley, under the doctrine of *respondeat superior*, to be responsible for any compensatory damage awarded against Thomson due to the fault of Steele, because Steele cannot recover for his own negligence. Brief of Appellee at 9–10.

The Court of Appeals, applying the language of the indemnification contract, agreed with Wabash Valley that there is no possibility that liability could be imposed under the Indiana Comparative Fault Act [1] against Thomson for the concurrent negligence of both Thomson and Wabash Valley:

Any fault attributed to Wabash Valley or Steele would automatically reduce the damages due from Thomson, and Thomson would then compensate Steele only for that portion of total fault that resulted from Thomson's negligence.

The indemnity clause of the contract precludes indemnity for losses resulting from Thomson's sole fault. Under the fault allocation set forth in the Act, however, Thomson can only be held responsible for that portion of the total fault which it alone bears. Thus, the indemnity clause itself precludes indemnity where Thomson and Wabash Valley are concurrently negligent.

*Thomson,* 658 N.E.2d at 95.

■ We would agree with this reasoning if the indemnification provision clearly "precludes indemnity for losses resulting from Thomson's sole fault," as declared by the Court of Appeals. However, the applicable language is less than clear. The phrase is "except *to the extent that* any such *injury or damage* is due *solely and directly* to TCE's [Thomson's] negligence." Record at 19 (emphasis added). Should this be construed to mean "except to the extent that any *portion* of the damage is attributable solely to Thomson's fault?" Does it instead provide "except for such *injury* due solely and directly to Thomson's fault?" The former interpretation would lead to the conclusion found by the Court of Appeals. The latter could exclude indemnity only if Thomson's negligence was the sole proximate cause of Steele's injury, and thus Thomson would recover full indemnity if any fault whatsoever is allocated to Steele. Because the contract is arguably susceptible of differing constructions with opposing consequences, it is inappropriate to dismiss the third-party complaint for failure to state a cause of action. *See, e.g., Fresh Cut, Inc. v. Fazli,* 650 N.E.2d 1126, 1133 (Ind.1995). We observe that the trial court may order a separate or bifurcated trial of the claims presented in the third-party claim. Ind.Trial Rule 42(B) and (C).

Wabash Valley further contends that Thomson's third-party indemnification claim is precluded by *Indianapolis Power and Light Co. v. Snodgrass,* 578 N.E.2d 669 (Ind. 1991). Similar to the present case, *Snodgrass* involved an injured worker's personal injury claim in which the defendant asserted a third-party action for indemnification from the worker's employer. We noted that in Indiana parties may by express contract lawfully bind themselves to indemnify against future acts of negligence, except as to the sole negligence of the indemnitee. *Id.* at

---

1. IND.CODE § 34–4–33–1 to –13 (1993).

670. We determined that the claims presented did not seek "the conventional indemnification which may properly be provided for by contract" but rather sought "only indemnification for that portion of damages which may be imposed upon them by reason of the fault allocation process under the Indiana Comparative Fault Act." *Id.* at 671. The third-party plaintiffs in *Snodgrass* did not seek indemnification for damages proximately caused by the concurrent negligence of themselves and the plaintiff's employer. *Id.* at 671. Instead, they sought indemnity to the extent a resulting judgment represented damages proximately caused by the employer, thus arising "as a natural by-product from the fault apportionment process" because the employer could not be named as a "nonparty" under the Comparative Fault Act. *Id.* Recognizing that the claims in *Snodgrass* sought indemnity for damages arguably attributable to "fault" on the part of the plaintiff's employer who could not be named as a "nonparty" for fault allocation under the Act, this Court rejected the resulting "new species of vicarious liability," *id.* at 672, which would "result in a radical change in Indiana tort practice." *Id.*

> In almost every work-related accident, the employer of the injured party would be joined as a third-party defendant in a common law implied indemnity claim even absent an express contractual indemnity agreement.
>
> We conclude that the law of indemnification is unchanged by the enactment of the Comparative Fault Act. Parties may continue to provide for lawful indemnification by express contract. However, the fault apportionment process under the Act does not give rise to vicarious liability and resulting indemnification rights.

*Id.* at 673.

In contrast to the *Snodgrass* indemnity claims, those raised by the third-party complaint in the case before us are not restricted to claims seeking indemnity for the portion of damages attributable to Wabash Valley, who could not be named as a "nonparty" for fault allocation under the Comparative Fault Act. If we disregard the ambiguities in the indemnification provision and construe the third-party complaint favorable to the third-party plaintiff, the complaint could be construed to seek indemnity for *all* damages imposed against Thomson for plaintiff's injuries caused by the concurrent negligence of Wabash Valley and Thomson. This is not the "new species of vicarious liability" rejected in *Snodgrass* but rather a permissible effort to enforce an express indemnification agreement for liabilities imposed because of the concurrent negligence of the third-party plaintiff and the original plaintiff's employer, as permitted by *Snodgrass. Id.* at 670–71.

Transfer having previously been granted, we now vacate the trial court's dismissal of Thomson's third-party complaint. This cause is remanded for further proceedings consistent with this opinion.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.