STATE of Indiana, CIVIL RIGHTS COMMISSION, Appellant–Plaintiff,

v.

COUNTY LINE PARK, INC., Paul Fox and Carolyn Fox, Appellees–Defendants,

No. 27A02–9901–CV–29.

Court of Appeals of Indiana.

Oct. 25, 1999.

Rehearing Denied Dec. 15, 1999.

Jacquelyn Thompson, Indianapolis, Indiana, Attorney for Appellant.

Mark E. Spitzer, Marion, Indiana, Attorney for Appellees.

## OPINION

ROBERTSON, Senior Judge

### STATEMENT OF THE CASE

Plaintiff–Appellant Indiana Civil Rights Commission (Commission), in its own right and on behalf of James A. Cain, Sr. and Martha L. Cain (collectively "ICRC"), appeals the dismissal of its complaint.

We affirm.

### ISSUES

The ICRC presents one multi-part issue which, for purposes of clarity, we restate as the following two issues:

1. Whether the trial court erred in dismissing the ICRC's complaint alleging discrimination under the Indiana Fair Housing Act.[1]

2. Whether the trial court erred in awarding attorney fees to County Line and the Foxes.

### FACTS AND PROCEDURAL HISTORY

In December, 1996, James Cain, Sr. and Martha Cain purchased a mobile home. The Cains intended to reside in the mobile home with their four children. Upon purchasing the mobile home, they applied for

---

1. Ind.Code §§ 22–9.5–1–1 to –11–3.

permission to rent the lot upon which it was situated. The mobile home was located upon a lot in the County Line Mobile Home Park which is owned and operated by County Line Park, Inc. (County Line). Paul Fox and Carolyn Fox serve as the corporation's president and secretary, respectively. Later that month, the Cains received a letter from Paul Fox denying their application due to County Line's long-standing policy to refuse to rent to applicants with more than two children.

In February, 1997, James Cain, Sr. filed an administrative complaint with the Commission and the U.S. Department of Housing and Urban Development against County Line and Paul Fox claiming discriminatory housing practices on the bases of familial status and the disability of one of the Cains' children. The complaint was later amended to include Martha Cain as a complainant and Carolyn Fox as a respondent. In January, 1998, the Commission issued a Notice of Finding concluding that the evidence supported the complainants' allegation of unlawful discrimination on the basis of familial status only. Thereafter, County Line elected to have the merits of the complaint tried in a civil action rather than by an administrative law judge.[2]

In March, 1998, the Commission filed a complaint in its own right and on behalf of James Cain, Sr. and Martha Cain alleging that County Line and the Foxes had violated the Indiana Fair Housing Act. Thereafter, the three defendants joined in filing a motion to dismiss the complaint pursuant to Ind. Trial Rule 12(B). The motion to dismiss set forth two bases for dismissal as follows: (1) Paul and Carolyn Fox, as corporate officers and shareholders, are not personally liable for the acts and liabilities of the corporation, and thus cannot be sued in their individual capacity, and (2) the complaint fails to state a claim

upon which relief can be granted. Following a hearing, the trial court granted the defendants' motion to dismiss and awarded attorney fees to the defendants. This appeal ensued.

## DISCUSSION AND DECISION
### BACKGROUND

The purposes of the Indiana Fair Housing Act (Act) are as follows:

(1) To provide for fair housing practices in Indiana.

(2) To create a procedure for investigating and settling complaints of discriminatory housing practices.

(3) To provide rights and remedies substantially equivalent to those granted under federal law.

Ind.Code § 22–9.5–1–1. Among other things, the Act prohibits discrimination based upon familial status in connection with the sale or rental of dwellings. *See* Ind.Code §§ 22–9.5–1–2; 22–9.5–5–1. As we noted above, once the Commission has made a finding that reasonable cause exists, a party can file a civil action rather than proceeding to an administrative hearing. *See* Ind.Code §§ 22–9.5–6–12; 22–9.5–6–14. Further, pursuant to Ind.Code § 22–9.5–9–1, the prevailing party in a civil action may obtain reasonable attorney fees.

In the present case, interpreting the relevant provision of the Act requires the resolution of an issue of first impression in this state. Thus, we look for guidance to applicable standards of review and principles of statutory construction.

### STANDARD OF REVIEW

■ A motion to dismiss pursuant to Ind. Trial Rule 12(B)(6) tests the legal sufficiency of the claim, not the facts which support it. *Kitco, Inc. v. Corporation for*

---

**2.** Ind.Code §§ 22–9.5–6–12 and 22–9.5–6–14 provide that once the Commission has made a finding that reasonable cause exists to believe that a discriminatory housing practice has occurred, the matter proceeds to an administrative hearing unless one of the parties involved elects to have the charge litigated in a civil action.

*General Trade,* 706 N.E.2d 581, 590 (Ind. Ct.App.1999). On review, we consider the pleadings, and every reasonable inference to be drawn therefrom, in the light most favorable to the non-moving party. *Id.* A dismissal under T.R. 12(B)(6) is only proper if it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *Thomson Consumer Elecs., Inc. v. Wabash Valley Refuse Removal, Inc.,* 682 N.E.2d 792, 793 (Ind. 1997). Although dismissals under T.R. 12(B)(6) are rarely appropriate, *Ratliff v. Cohn,* 693 N.E.2d 530, 534 (Ind.1998), *reh'g denied,* we will affirm the trial court's grant of a motion to dismiss if it is sustainable on any theory or basis found in the record. *Garage Doors of Indianapolis, Inc. v. Morton,* 682 N.E.2d 1296, 1301 (Ind.Ct.App.1997), *trans. denied,* 698 N.E.2d 1183 (1998).

## STATUTORY CONSTRUCTION

■ When interpreting a statute for the first time, we look to the express language of the statute and the rules of statutory construction. *Indiana State Teachers Ass'n. v. Board of Sch. Comm'rs.,* 693 N.E.2d 972, 974 (Ind.Ct.App.1998). This court is required to ascertain and execute legislative intent and to interpret the statute in such a manner as to prevent absurdity and to advance public convenience. *Id.* In so doing, we must be mindful of the purpose of the statute, as well as the effect of such an interpretation. *Id.* We read the individual sections of an act as a whole and strive to give effect to all of its provisions such that no part of the act is held meaningless if it can be reconciled with the rest of the statute. *Citizens Action Coalition of Indiana, Inc. v. Indiana Statewide Ass'n of Rural Elec. Coops., Inc.,* 693 N.E.2d 1324, 1327 (Ind.Ct.App.1998). Moreover, we presume that our legislature intended its language be applied in a logical manner consistent with the underlying goals and policy of the statute. *Id.*

## I. DISMISSAL OF COMPLAINT

### A. Failure to State a Claim under the Act

■ The ICRC contends that the trial court erred in dismissing its complaint against County Line and the Foxes. According to the ICRC, County Line's refusal to rent to the Cains because they have more than two children constitutes housing discrimination based upon their "familial status."

Ind.Code § 22–9.5–5–1(a) provides:

A person may not refuse to sell or to rent after the making of a bona fide offer, refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny a dwelling to any person because of race, color, religion, sex, *familial status,* disability, or national origin.

(emphasis added). Further, the code provides, in pertinent part:

Under this article, a discriminatory act is committed because of familial status if the act is committed because the person who is the subject of discrimination is:

* * * * * * * *

(2) domiciled with *an individual* younger than eighteen (18) years of age in regard to whom the person:

(A) is the parent or legal custodian . . .

* * * * * * * *

Ind.Code § 22–9.5–1–2 (emphasis added).

Here, the Cains reside with their four minor children, and the policy of County Line excluded from the mobile home park families with more than two children. The Cains were not refused permission to rent merely because they have *any* minor children; rather, County Line, through Paul Fox, refused to rent to the Cains because they have four children instead of only two, per County Line policy.

First, we note that the language of the statute demonstrates our legislature's intent to eliminate "adults only" mobile

home parks.[3] Further, we note that a policy such as County Line's is established for a variety of reasons. The management of mobile home parks must be cognizant of the limitations of sewer and other utility systems in these types of homes, as well as the quality of park life in general. In doing so, it may need to establish occupancy limits.

In their brief, Appellants cite numerous federal cases that discuss the federal fair housing act and urge us to similarly construe our statute. *See* 42 U.S.C. §§ 3601–3631. 42 U.S.C. § 3602(k) states, in pertinent part:

"Familial status" means *one or more individuals* (who have not attained the age of 18 years) being domiciled with—

(1) a parent or another person having legal custody of such individual or individuals . . .

\* \* \* \* \* \* \* \* \*

(emphasis added). In contrast to its federal counterpart, our state statute uses more narrow terminology and is, therefore, subject to a more narrow interpretation. County Line's policy does not exclude children or families but merely limits the number of children per dwelling. Thus, we conclude the trial court did not err in dismissing the ICRC's complaint.

### B. Individual Liability for Corporate Acts

Next, the ICRC claims that Paul and Carolyn Fox can be sued in their individual capacities as shareholders and corporate officers of County Line. Although this issue was not addressed in the trial court's order of dismissal, we address it here in order to provide the parties with a complete resolution to this case.

 It is well settled Indiana law that a corporation is a legal entity separate and distinct from its shareholders and officers. *Hart v. Steel Products, Inc.,* 666 N.E.2d 1270, 1276–77 (Ind.Ct.App.1996),

*reh'g denied, trans. denied,* 683 N.E.2d 582 (1997). As such, corporate officers and shareholders acting on behalf of the corporation are generally not liable for the obligations of the corporation. *Id.* Although Indiana courts are reluctant to pierce the corporate veil, they will do so in order to prevent fraud or unfairness to a third party. *Id.*

 The ICRC has named Paul and Carolyn Fox, individually, in its suit for housing discrimination. We are provided with no evidence of fraud or inequity that will occur or has occurred to the Cains in order to justify piercing County Line's corporate veil. The ICRC notes in its brief that the letter the Cains received denying their application to rent was written by Paul Fox. The record does not contain a copy of this letter; however, Paul Fox is the president of County Line, and, presumably, he is the proper corporate officer to transmit the corporation's correspondence. Thus, we conclude that the ICRC improperly named Paul and Carolyn Fox, in their individual capacities, as defendants in this action.

## II. ATTORNEY FEES

For its final issue, the ICRC alleges the trial court erred in awarding attorney fees to County Line and the Foxes in its order of dismissal.

 Absent an abuse of discretion, we will not reverse the trial court's decision to award attorney fees. *Garza v. Lorch,* 705 N.E.2d 468, 473 (Ind.Ct.App.1998).

 Ind.Code § 22–9.5–9–1 states:

A court in a civil action brought under this article or the commission in an administrative hearing under IC 22–9.5–6–14 may award reasonable attorney's fees to the prevailing party and assess court costs against the nonprevailing party.

The term "prevailing party" denotes a party who successfully prosecutes its claim or

---

3. The legislature did, however, create one exception to this elimination process. Ind.Code § 22–9.5–3–4 allows the establishment of "housing for older persons."

asserts its defense. *Salcedo v. Toepp,* 696 N.E.2d 426, 436 (Ind.Ct.App.1998).

In the present case, County Line and the Foxes successfully asserted their defense by filing a motion to dismiss pursuant to T.R. 12(B)(6) which was granted by the trial court. *See also Figg v. Bryan Rental Inc.,* 646 N.E.2d 69 (Ind.Ct.App. 1995), *reh'g denied, trans. denied* (holding that a party who is granted summary judgment is the prevailing party). The trial court did not abuse its discretion in awarding attorney fees to the defendants.

County Line and the Foxes also request appellate attorney fees. A statutory provision entitling a party to "reasonable attorney fees" includes appellate attorney fees. *See City of Hammond v. Marina Entertainment Complex, Inc.,* 681 N.E.2d 1139, 1145 (Ind.Ct.App.1997), *trans. denied.* Accordingly, we remand to the trial court for a determination of appellate attorney fees generated by County Line and the Foxes in their defense of the trial court's order of dismissal.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court properly dismissed the ICRC's complaint, that the ICRC improperly named as defendants Paul Fox and Carolyn Fox in their individual capacities as officers and shareholders of County Line, and that the trial court did not abuse its discretion in awarding attorney fees to the defendants.

We affirm the judgment of the trial court and remand for determination of reasonable appellate attorney fees.

STATON, J., and NAJAM, J., concur.