**GEIGER AND PETERS, INC., Appellant (Defendant below),**

v.

**AMERICAN FLETCHER NATIONAL BANK & TRUST COMPANY, As Trustee Under the Provisions of the Betz Trust, dated March 3, 1962, Appellee (Defendant Below).**

No. 2–381A87.

Court of Appeals of Indiana, Second District.

Dec. 8, 1981.

Carl L. Peters, Peters & Carter, Indianapolis, for appellant.

James A. Strain, Robert H. Jerry, II, Barnes, Hickam, Pantzer & Boyd, Indianapolis, for appellee.

SHIELDS, Judge.

Appellant Geiger and Peters, Inc. (Geiger) appeals the dismissal of a cross claim seeking to foreclose a mechanics lien. Geiger raises the following issues for review:

    I. Did the stipulation of dismissal dismiss the plaintiff's complaint or all pending claims for relief?

    II. Was the statute of limitations tolled by the filing of Geiger's cross complaint?

    III. Did AFNB waive the issue of service of process? [1]

We reverse.

On April 12, 1978, J. D. Nance (Nance) filed a complaint to foreclose a mechanics lien against six named defendants, including appellant Geiger and appellee American Fletcher National Bank (AFNB). AFNB was not served with summons. On May 3, 1978 Geiger filed a denominated "cross-claim" against Nance and the co-defendants, also seeking to foreclose a mechanics lien. AFNB still was not served with summons or a copy of the denominated cross claim. AFNB did not appear or answer the original complaint or denominated cross claim. However, on May 26, 1978 a stipulation of dismissal of plaintiff's complaint signed by counsel for AFNB, Geiger, Nance, and another co-defendant was filed and approved by the trial court. In March of 1980 Geiger sought to prosecute its cross claim and sent a letter so advising AFNB and enclosing a copy of the cross claim. On April 30, 1980 summons was issued and it and a copy of the cross claim were served upon AFNB. AFNB filed a motion to dismiss based on Ind.Rules of Procedure, Trial Rule 12(B)(4), (5), and (6).[2] The trial court granted the motion to dismiss and thereafter entered a final judgment for AFNB.

**I**

■ Geiger first argues the stipulation of dismissal dismissed only plaintiff's complaint and not the cross claim. We agree.

The stipulation reads:

---

1. Geiger contends AFNB waived the issue of service of process. Geiger contends AFNB entered an appearance in the lawsuit upon signing the stipulation of dismissal. Upon entering an appearance, Geiger argues AFNB was put on "notice" of the pending cross claim and Geiger was excused from serving AFNB with summons and the cross claim. However, because of our decision of Issue II, we do not address this issue.

2. The issues presented by the parties to this court and the trial court involve only the T.R. 12(B)(6) aspect of the motion.

"Come now the parties by counsel and stipulate that the plaintiff's complaint be dismissed, with prejudice, costs paid, for the reason that the controversy existing between plaintiff and defendant Hancock-Robbins, Inc. and American Fletcher National Bank & Trust Company as Trustee under the provisions of the Betz Trust, Dated May 3, 1962 and Peaches Records and Tapes, Inc., has been fully settled and compromised."

(R 58). Geiger and AFNB agree the stipulation was pursuant to Ind.Rules of Procedure, Trial Rule 41(A)(1)(b) which provides:

"(A) Voluntary dismissal: Effect thereof.

(1) By plaintiff—By stipulation. Subject to contrary provisions of these rules or of any statute, an action may be dismissed by the plaintiff without order of court

.    .    .    .    .

(b) by filing a stipulation of dismissal signed by all parties who have appeared in the action."

However, AFNB contends the stipulation also resulted in the dismissal of the cross claim. It argues the term "action" as used in T.R. 41(A) means the entire controversy and not merely a particular claim or party. Such a rule was adopted in *Harvey Aluminum, Inc. v. American Cyanamid Co.*, (2d Cir. 1953) 203 F.2d 105, *cert. denied*, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383, and *Robertson v. Limestone Manufacturing Co.*, (W.D.S.C.1957), 20 F.R.D. 365, in interpreting the virtually identical Rule 41(a)(1) of the Federal Rules of Civil Procedure. Although some courts have followed *Harvey*,[3] we adopt what has been termed the "better view" and hold under T.R. 41(A) less than

all of the parties and less than all of the claims may be dismissed. *Oswalt v. Scripto, Inc.*, (5th Cir. 1980) 616 F.2d 191; *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, (5th Cir. 1973) 474 F.2d 250; *Rudloff v. Johnson*, (8th Cir. 1959) 267 F.2d 708. Thus we interpret "action" as it is used in T.R. 41 as meaning a particular claim for relief. We derive support from T.R. 41(C) which provides T.R. 41(A)(1) is applicable to counterclaims, cross claims, and third-party claims. This provision would be a nullity if T.R. 41(A) in using the term "action" included the entire controversy. Our obligation is to construe the rules to give meaning and purpose to each provision.

In the case at bar, the wording of the stipulation clearly and unequivocally refers only to plaintiff's complaint and no mention is made of a cross claim. We hold the stipulation of dismissal dismissed only plaintiff's complaint and not Geiger's cross claim.

II

AFNB contends the cross claim, if not previously dismissed, was properly dismissed because the cross claim was not served on AFNB within the applicable one-year statute of limitations.[4] The notice of intention to hold a lien was recorded January 30, 1978. The cross claim was filed May 3, 1978, within the one-year statute of limitations period. However, because the cross claim was not served on AFNB until almost two years later, AFNB contends the limitations period expired. We disagree. Ind. Rules of Procedure, Trial Rule 3 states:

"A civil action is commenced by filing a complaint with the court or such equivalent pleading or document as may be specified by statute."

---

**3.** *Philip Carey Mfg. Co. v. Taylor*, (6th Cir. 1961) 286 F.2d 782, *cert. denied*, 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242; *Neiman-Marcus Co. v. Lait*, (S.D.N.Y.1953) 14 F.R.D. 159; *cf. Robertson v. Limestone Mfg. Co.*, (W.D.S.C. 1957), 20 F.R.D. 365.

**4.** I.C. 32–8–7–1 (Burns Code Ed., Repl.1980) Mechanic's lien, one year.—No action shall be brought or maintained in the courts of this state to foreclose or enforce the lien of any mechanic's lien filed under the laws of this

state when the debt secured by such lien, as shown by the record thereof, has been due more than one [1] year. If the record of such lien does not show when the debt thereby secured became due, then no action to foreclose or enforce the lien of such mechanic's lien shall be brought or maintained in the courts of this state after one [1] year from the date of the filing of notice of such lien. [Acts 1909, ch. 137, § 3, p. 335.]

The plain wording of T.R. 3 is that the filing of a complaint or equivalent pleading commences an action. The Indiana Supreme Court has held "[i]n adopting the rule [T.R. 3] we effectively adopted the Federal rule . . . and in so doing, we adopted the construction which the Federal Courts have placed on the rule." [citations omitted] *State ex rel Long v. Marion Superior Court Civil Division*, (1981) Ind., 418 N.E.2d 218, 219. Hence we look to the federal case law for assistance in determining whether the statute of limitations is tolled by the filing of a complaint.

■ Literal compliance with T.R. 3 by filing a complaint commences the cause of action and is sufficient to toll the statute of limitations. *Caldwell v. Martin Marietta Corp.*, (5th Cir. 1980) 632 F.2d 1184; *United States v. Wahl*, (6th Cir. 1978) 583 F.2d 285; *Moore Co. v. Sid Richardson Carbon & Gas Co.*, (8th Cir. 1965) 347 F.2d 921, cert. denied, (1966) 383 U.S. 925; *Mohler v. Miller*, (6th Cir. 1956) 235 F.2d 153.

Nor is the statute of limitations only temporarily tolled pending the exercise of due diligence in serving the summons. There are states which by case law have adopted such a temporary or conditional tolling of the statute of limitations upon filing the complaint and thereafter require the complainant to exercise due diligence in service of process.[5] These states by statute or court rule require service of summons within a specified number of days after the complaint is filed for tolling of the statute of limitations. *Wahl*, 583 F.2d at 287. Indiana does not have statute or case law addressing this particular problem. Like the federal rules, the Indiana Rules of Civil Procedure do not establish a time period within which service of process must be completed in order to toll the statute of limitations. *Wahl*.

One could argue the provisions of Ind. Rules of Procedure, Trial Rule 4 should be incorporated into T.R. 3, thus tolling the statute of limitations conditional upon the summons being served with due diligence. We refuse to develop such a rule by judicial fiat in light of the plain, unambiguous, and unconditional language of T.R. 3. If tolling of the statute of limitations was intended to be conditioned upon diligence in service, T.R. 3 could have included appropriate language. *Moore*, 347 F.2d at 925. Furthermore, in developing the federal rules, consideration was given to requiring a time limit for service of process.[6] An often quoted synopsis of the history of the federal rules comes from *Messenger v. United States*, (2d Cir. 1956) 231 F.2d 328, 329:

"Rule 3 clearly provides 'A civil action is commenced by filing a complaint with the court.' When the rules were being formulated and preliminary drafts were circulated and debated by the bench and bar throughout the country, it was at first proposed that the action should abate unless personal jurisdiction by service of process was acquired within 60 days. An alternative proposal was that the action should abate for failure to serve process within 60 days 'unless within that period the court for good cause shown extends the time for service.' See Preliminary Draft of Rules of Civil Procedure (May, 1936). In the end, however, no time was specified for the service of process, the Advisory Committee noting that the motion sanctioned by Rule 41(b) provided 'a method available to attack unreasonable delay in prosecuting an action after it has been commenced.' See Report of the Advisory Committee Containing Proposed Rules of Civil Procedure, p. 4 (April, 1937.)"

The Indiana rules, like the federal rules, have an appropriate mechanism in Ind. Rules of Procedure, Trial Rule 41 for dismissing a complaint for failure to diligently prosecute an action and, consequently, adequate protection against unreasonable delay in serving process. *Moore*, 347 F.2d at 923.

---

5. *Wooliver v. Schopp*, (Mo.App.1974) 509 S.W.2d 216; *Rigo Manufacturing Co. v. Thomas*, (Tex.1970) 458 S.W.2d 180.

6. Because we, in essence, adopted the federal rules and we look to federal case law in interpreting our rules, it is appropriate to review the history of the Federal Rule 3.

The failure to diligently prosecute a case includes the failure to exercise due diligence in securing service of process. T.R. 41(E)[7] provides if there has been a failure to comply with the rules or if no action has been taken on a case for 60 or more days the trial court on its own motion or upon motion of a party shall order a hearing for the purpose of dismissing the case. T.R. 4(B) requires the person seeking service of process or his attorney to prepare and provide *promptly* to the clerk the necessary number of copies of the complaint and summons. T.R. 4(C)(1) requires the summons contain the name and address of the person upon whom service is sought. Service by publication is provided under T.R. 4.13. The nondiligent party, at or before the hearing, has an opportunity to show cause as to why his claim should not be dismissed for failure to prosecute. If the court in its discretion determines due diligence was not exercised, dismissal of the cause of action ensues.

■ In reading T.R. 4 and T.R. 41(E), it is reasonable to conclude the complaining party has the burden of using due diligence to secure service of process. If the person seeking service fails without cause for 60 days or more to provide the clerk with the required summons for issuance or with other information necessary to effectuate service, that person has failed to exercise due diligence in securing service of process. *Varela v. Hi-Lo Powered Stirrups, Inc.,* (D.C.App.1980) 424 A.2d 61. Hence, on the face of it, T.R. 41(E) is an adequate mechanism for dismissing a cause of action in which the complaint is timely filed but service of summons is not perfected for an unreasonable length of time without just cause.

■ We anticipate a potential problem with *State v. McClaine,* (1973) 261 Ind. 60, 300 N.E.2d 342 and its progeny. *McClaine* held a motion to dismiss for want of prosecution should not be granted if plaintiff resumes diligent prosecution of his claim prior to defendant filing a T.R. 41(E) motion to dismiss. "That is to say, the defendant must file his motion *after* the sixty-day period has expired and before the plaintiff resumes prosecution." *McClaine,* 261 Ind. at 63, 300 N.E.2d at 344. For example, if plaintiff requests a trial date prior to the filing of the motion to dismiss, then plaintiff has resumed diligent prosecution and the motion to dismiss is untimely. *McClaine; Hurt v. Polak,* (1979) Ind.App., 397 N.E.2d 1051; *D.M. v. C.H.,* (1978) Ind. App., 380 N.E.2d 1269. Full application of the *McClaine* rule would preclude using T.R. 41(E) as a mechanism for dismissal when T.R. 4 service of process has not been made with due diligence. Not until summons is finally served does a defendant have reason to file a T.R. 41(E) motion. At the same time plaintiff might be deemed to have resumed prosecution by effecting the service, thereby precluding a timely T.R. 41(E) motion to dismiss. However, we hold the *McClaine* rule inapplicable when a cause of action is filed but summons is not served because of undue delay and lack of diligence without cause. In such a case, a party may timely move for a dismissal under T.R. 41(E) after prosecution has been resumed. To hold otherwise would be inherently unfair to the party who has no knowledge of the pending claim. Thus we conclude the trial rules require a party to exercise due diligence in securing service of process and the remedy for failure to use diligence is not a retrospective determination the statute of limitations was not tolled, but a motion to dismiss for failure to prosecute under T.R. 41(E).

7. Trial Rule 41(E) states:
"(E) Failure to prosecute civil actions or comply with rules. Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of

dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal [sic] may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution."

In this case, the record on appeal does not reflect the information necessary to assess Geiger's conduct in light of all the circumstances, nor indeed was a T.R. 41(E) motion filed. Therefore, we reverse on this issue and remand for further proceedings.

BUCHANAN, C. J., and SULLIVAN, J., concur.