**FORT WAYNE INTERNATIONAL AIRPORT and The Fort Wayne/Allen County Airport Authority, Appellants–Defendants,**

v.

**Cynthia R. WILBURN and Reggie Wilburn, Appellees–Plaintiffs.**

No. 02A03–9907–CV–255.

Court of Appeals of Indiana.

Feb. 22, 2000.

Steven E. Springer, Eric D. Johnson, Kightlinger & Gray, Indianapolis, Indiana, Attorneys for Appellants.

David J. Avery, Avery & Van Gilder, Fort Wayne, Indiana, Attorney for Appellees.

## OPINION

SULLIVAN, Judge

Appellants-defendants Fort Wayne International Airport and the Fort Wayne/Allen County Airport Authority (the Airport) bring this interlocutory appeal following the trial court's denial of its motion to dismiss the complaint filed against it by the appellees-plaintiffs, Cynthia and Reggie Wilburn (collectively, the Wilburns). Specifically, the Airport contends that its motion should have been granted because the Wilburns failed to commence their cause of action for negligence within the two-year statute of limitations.

On February 17, 1997, Cynthia allegedly slipped and fell on the floor as she entered the restroom area of the Fort Wayne Airport. On February 16, 1999, the Wilburns submitted their complaint for damages, along with the appropriate filing fee, to the trial court clerk. The summons was not tendered, however, until February 19, 1999.

On March 15, 1999, the Airport moved to dismiss the complaint, alleging that because the summons, complaint and filing fee were not all tendered within the applicable two-year statute of limitations, the Wilburns failed to commence their cause of action in a timely fashion. Thus, the Air-

port contended that the Wilburns' action was time-barred.

Our decision is controlled by *Boostrom v. Bach* (1993) Ind., 622 N.E.2d 175, *cert. denied*, (1994) 513 U.S. 928, 115 S.Ct. 318, 130 L.Ed.2d 279. In that case, our Supreme Court held that the plaintiff was required to tender the filing fee to the Clerk in her small claims action in addition to filing the notice of claim, i.e., the complaint, in order to commence the civil action within the applicable statute of limitations.[1]

Clearly and unmistakably, our Supreme Court stated in that case:

> "The plaintiff, of course, controls the presentation of *all the documents necessary to commencement of a suit*: the complaint, *the summons, and* the fee.... [Plaintiff] thus filed two of the three items necessary to commencement of her action". (Emphasis supplied). 622 N.E.2d at 177 n. 2.

In *Boostrom*, it was the filing fee which was lacking and here it is the tender of the summons. Still, only two out of the three requisites for commencement of the action have been met. Fulfillment of two of the three requirements may equate with a Hall of Fame .667 batting average in the major leagues. However, such is not adequate under our rules and case precedent to permit plaintiff to continue compete in this contest.

We would further observe that the dissent inappropriately finds support in the Supreme Court's observation that "[p]ayment of the filing fee, unlike *issuance of summons by the clerk*, is wholly in the hands of the plaintiff." (Emphasis supplied). *Id.* In the case before us, we are not concerned with the failure of the Clerk to issue a summons after its proper tender by the plaintiff. Here, the plaintiff failed

---

1. Under Small Claims Rule 3(A) the notice of claim is also "considered to be the summons." Service of the notice of claim upon defendant is therefore service of the sum- mons. The plaintiff is not required to tender to the Clerk a separate summons; nor is the Clerk required to issue a separate summons.

to carry out one of the three requisites over which she had total control.

Were it not for the *Boostrom* decision, we might well focus upon Trial Rule 3 which provides that "[a] civil action is commenced by filing a complaint with the court. . . ." This rule does not seem to contemplate engraftment of other requirements such as filing fee and tender of summons. Nevertheless, such requirements are in place as a matter of binding precedent.

The denial of Appellant–Defendants' Motion to Dismiss is reversed and the cause is remanded with instructions to dismiss Appellee–Plaintiffs' complaint.

STATON, J., concurs with separate opinion.

BAKER, J., dissents with separate opinion.

### STATON, Judge, concurring

I concur with Judge Sullivan, but I would like to add some additional rationale which I have gleaned from my forty-five years as a lawyer and judge. If the commencement of an action at law were based solely upon the filing of the complaint, the wheels of justice would quickly become mired down and the judicial system ineffective as a means to settling disputes. Requiring the plaintiff to file a summons shifts the burden where it belongs. Initially, the plaintiff should move the complaint along in the judicial process to the extent that he can by providing the necessary complaint, summons and filing fee so that some further action can be taken by the court and the defendant. Otherwise, the proposed litigation could become stagnant. Clearing court dockets of old, unattended cases is an indispensable adjunct to the quality of justice. The tendency of practicing attorneys to give priority to new cases and immediate attention to inquiries from clients who have pending cases could result in attorneys pursuing a cause of action in segments –e.g. filing only the complaint. This result is especially likely where the location of defendants is in doubt and the number of defendants to be summoned undecided. The result would be a number of cases on the court docket in limbo and some cases developing a dilatory history.

### BAKER, Judge, dissenting

I respectfully dissent. Unlike the circumstances presented in *Boostrom v. Bach*, 622 N.E.2d 175 (Ind.1993) as discussed in the majority opinion, the Wilburns submitted their filing fee along with the complaint. Both were received by the court clerk and the complaint was file-marked February 16, 1999, which was within the time period prescribed by the statute of limitations. Additionally, I would note that there is no language in T.R. 3 [1] commanding that the summons be filed prior to the expiration of the statute of limitations. Moreover, it is well-known that summonses are printed and maintained in the county clerk's office. While attorneys may have a private "stock" of such forms, there is no requirement under the trial rules that this document must be prepared by the party initiating the action. As a result, it is my view that the Wilburns filed their complaint within the time period prescribed by the applicable statute of limitations and the cause of action commenced at that time. *See Taylor v. Lewis*, 577 N.E.2d 986, 989 (Ind.Ct.App.1991), *trans. denied* (T.R. 3 requires only the filing of a complaint to commence the action and to toll the statute of limitations). Thus, the motion to dismiss was properly denied and I vote to affirm the judgment of the trial court.

---

1. "A civil action is commenced by filing a complaint with the court. . . ."