Sheila RAY–HAYES, as Parent and Natural Guardian of Amanda K. Ray, Appellant–Plaintiff,

v.

Ryan S. HEINAMANN, Nissan Motor Company, Limited Nissan North America, Inc., and Nissan Motor Corporation In U.S.A., Appellees–Defendants.

No. 89A05–0007–CV–306.

Court of Appeals of Indiana.

Feb. 7, 2001.

Thomas C. Doehrman, Courtney E. McGovern, Indianapolis, IN, Attorneys for Appellant.

Wayne C. Kreuscher, Michael D. Moon, Jr., Indianapolis, IN, Attorneys for Appellees.

## OPINION

HOFFMAN, Senior Judge

Plaintiff–Appellant Sheila Ray–Hayes ("Hayes"), as parent and natural guardian of Amanda K. Ray ("Ray"), filed a complaint against Ryan S. Heinamann ("Heinamann") on July 22, 1998, for injuries she alleged that Ray sustained while a passenger in a 1991 Nissan Sentra operated by Heinamann on October 21, 1997. Hayes alleged in her complaint that Heinamann fell asleep while operating the vehicle resulting in the vehicle striking a cement culvert wall. On May 7, 1999, Hayes

moved to amend her complaint to add defendants Nissan North America, Inc. ("NNA") and Nissan Motor Company, Ltd. ("NMC") alleging product liability for a defective passenger restraint in the vehicle in which Ray was a passenger.[1] The trial court granted that motion. Hayes filed her amended complaint adding NNA and NMC as defendants on September 13, 1999. The summonses for NNA and NMC were filed with the court on January 21, 2000.

NNA filed a combined Ind. Trial Rule 12(b)(6) and Ind. Trial Rule 41(E) motion to dismiss on March 29, 2000. NMC filed its combined Ind. Trial Rule 12(b)(6) and Ind. Trial Rule 41(E) motion to dismiss on April 17, 2000. In those motions NNA and NMC argued that because Hayes did not file the summonses relating to them until after the expiration of the statute of limitations Hayes' claims against them should be dismissed. The trial court granted the motion filed by NNA and the motion filed by NMC in an order dated July 6, 2000, which reads in relevant part as follows:

This matter comes before the Court on the motions to dismiss pursuant to Trial Rules 12(B)(6) and 41(E) of Defendants, Nissan Motor Company, Ltd. And Nissan North America, Inc., formerly known as the Nissan Motor Corporation In USA. And the Court having considered the written Briefs of the parties, the authorities relevant to the issues, and the arguments of counsel presented at hearing, and the Court being duly advised in the premises finds that Defendants' motions should be granted and the complaints against such Defendants dismissed with prejudice. The Court further finds pursuant to Trial Rule 54(B) that there is no just reason for delay in entering final judgment against Plaintiff and in favor of such Defendants.

IT IS THEREFORE ORDERED that the motions to dismiss pursuant to Trial Rules 12(B)(6) and 41(E) of Defendants, Nissan Motor Company, Ltd. And Nissan North America, Inc., formerly known as Nissan Motor Corporation In USA be and hereby are granted and the complaints against such Defendants be and hereby are dismissed with prejudice. The Court further finds pursuant to Trial Rule 54(B) that there is no just reason for delay in entering final judgment against Plaintiff and in favor of such Defendants and final judgment be and hereby is so entered.

(R. 220). Further, the trial court issued a memorandum that accompanied the order dated July 6, 2000, which reads as follows:

While much of the discussion contained in the Briefs of the parties centers around Trial Rule 15(C) and the idea of relation back, the focus at the hearing was on Plaintiff's failure to tender summonses to the Clerk of the Court prior to the expiration of the statute of limitations.

Plaintiff filed her Amended Complaint against the Defendants, Nissan Motor Company, Ltd., hereinafter referred to as "NML", and Nissan North America, Inc., formerly known as Nissan Motor Corporation In USA, hereinafter referred to as "NNA", on September 3[sic], 1999. Unfortunately for Plaintiff, however, no Summonses for service were provided to the Clerk at that time. Rather, Summonses for service in connection with the filing of the Amended Complaint were provided to the Clerk over four (4) months later—on January 21, 2000. The statute of limitations for the claims brought against these Defendants in the Amended Complaint ran on October 21, 1999.

As Defendants correctly note, the recent Indiana Court Of Appeals decision of *Fort Wayne Int'l Airport v. Wilburn,*

1. Hayes also amended her complaint to add Nissan Research and Development, Inc. as a defendant. On March 29, 2000, the parties filed a joint stipulation to dismiss this defendant. On April 4, 2000, the trial court entered an order dismissing this defendant.

723 N.E.2d 967, holds that a lawsuit is not commenced and the statute of limitations tolled by the filing of a complaint unless the summons and filing fee are also tendered to the court prior to the expiration of the statute of limitations. Since the Summonses were not tendered to the Court prior to the expiration of the statute of limitations, the lawsuit as to these Defendants was not commenced until after the statute of limitations had already run. Accordingly, under the *Wilburn* decision, this Court finds that Defendants[sic] motions must be granted.

(R. 220–21).

█ It is from the above order that Hayes appeals.[2] The issue presented for our review on appeal is whether the commencement of a civil action occurs when the complaint is filed. We hold that it does.

In *Boostrom v. Bach,* 622 N.E.2d 175 (Ind.1993), our supreme court granted transfer in a matter arising out of small claims court to determine the question of whether the statute of limitations is tolled when a complaint is tendered to the clerk, but the prescribed filing fee is not. A panel of this court had held that an action commences for purposes of tolling the statute of limitations when the complaint is tendered in accordance with Ind. Trial Rule 5(E). The supreme court cited Ind. Small Claims Rule 2(A), which states that a small claims action is commenced by the filing of an unverified notice of claim in a court of competent jurisdiction. The court noted that the language of that rule tracked the language contained in T.R. 3. The court determined that the viability of Boostrom's action depended upon whether her notice was filed within the prescribed time period. That determination depended upon the resolution of the issue of when a notice is filed under S.C.R. 2(A). The court held that a notice of claim or complaint is not filed unless the filing of the fee and the notice/complaint have occurred

by any of the means permitted by T.R. 5(E). 622 N.E.2d at 176–77.

In the aforementioned *Wilburn* case, the majority of a panel of this court held that a plaintiff had to tender the complaint, the summons, and the fee prior to the expiration of the applicable statute of limitations in order for the action at issue to be deemed commenced. The majority stated that the decision reached in that case was controlled by the supreme court's decision in *Boostrom.* In *Wilburn,* the plaintiffs submitted their complaint and the filing fee to the trial court clerk within the prescribed period of time. The summons was not tendered until three days later, outside the statute of limitations period. The majority cited to a footnote in the *Boostrom* case wherein the supreme court stated as follows:

> The plaintiff, of course, controls the presentation of all the documents necessary to commencement of a suit: the complaint, the summons, and the fee. Boostrom used a standard pre-printed small claims form, which contains the complaint and the summons on a single page. She thus filed two of the three items necessary to commencement of her action.

723 N.E.2d at 968 (Ind.Ct.App.2000) (citing *Boostrom,* 622 N.E.2d at 177 n. 2.).

The majority in *Wilburn* interpreted this footnote from *Boostrom* to mean that commencement of *all* actions required the presentation of a complaint, summons and fee prior to the expiration of the statute of limitations. However, *Boostrom* involved a small claims action. As the footnote indicates, Boostrom filed two of the three items necessary to commencement of *her* action. We hold that *Boostrom* should be limited in application to its facts.

T.R. 3 provides that "[a] civil action is commenced by filing a complaint with the court or such equivalent pleading or docu-

---

2. The request for oral argument is denied.

ment as may be specified by statute."[3] The complaint filed by Hayes, in the present case, alleges products liability and is, therefore, governed by the statute of limitations provided for in Ind.Code § 34–20–3–1. That statute provides that "a product liability action must be commenced:(1) within two (2) years after the cause of action accrues . . ." Ind.Code § 34–20–3–1. Because Hayes filed her complaint within the two-year statute of limitations for products liability claims as is required by the trial rules and by statute, we find that Hayes complied with T.R. 3. Thus, we hold that the trial court erred by dismissing her cause of action because the summonses were filed after the expiration of the statute of limitations period.

■ Heinamann argues that T.R. 3 must be read in conjunction with T.R. 4(B). He contends that Hayes needed to comply with both trial rules in order to prevent her cause of action from being dismissed due to the expiration of the statute of limitations.

T.R.4(B) provides in relevant part as follows:

> Contemporaneously with the filing of the complaint or equivalent pleading, the person seeking service or his attorney shall promptly prepare and furnish to the clerk as many copies of the complaint and summons as are necessary. . . .

Heinamann maintains that Hayes' action was not commenced because of the lack of compliance with T.R. 4(B).

While we agree that Hayes did not comply with T.R. 4(B) by contemporaneously filing the summonses with the complaint, the appropriate remedial action involves a show cause hearing before the trial court pursuant to T.R. 41(E) for such noncompliance. *See Geiger & Peters, Inc. v. Ameri-*

*can Fletcher Nat. Bank & Trust,* 428 N.E.2d 1279, 1283 (Ind.Ct.App.1981). In the present case, NMC and NNA filed combined T.R. 12(B)(6) and T.R. 41(E) motions; however, the trial court explicitly dismissed the cause of action because of the holding in *Wilburn.* The trial court's order appears to express more concern with Hayes' failure to tender a summons prior to the expiration of the statute of limitations than with Hayes' failure to tender a summons contemporaneously with the complaint. In other words, the trial court dismissed the cause of action because the summonses were not tendered prior to October 21, 1999, rather than because the summonses were not tendered on September 13, 1999, the date of the filing of the amended complaint.

■ There is no language in T.R. 3 that requires the summons to be filed prior to the expiration of the statute of limitations. As we previously have stated, literal compliance with T.R. 3 by filing a complaint commences the cause of action and is sufficient to toll the statute of limitations. *See Geiger & Peters, Inc.,* 428 N.E.2d at 1282. T.R. 3 requires only the filing of a complaint to commence the action and to toll the statute of limitations. *See Taylor v. Lewis,* 577 N.E.2d 986, 989 (Ind.Ct.App. 1991), *trans. denied.* When faced with an argument identical to the one presented by NNA and NMC we have stated as follows:

> One could argue the provisions of Ind. Rules of Procedure, Trial Rule 4 should be incorporated into T.R. 3, thus tolling the statute of limitations conditional upon the summons being served with due diligence.[4] We refuse to develop such a rule by judicial fiat in light of the plain, unambiguous, and unconditional language of T.R. 3. If tolling of the statute of limitations was intended to be

---

**3.** The trial rules and the decision in *Boostrom* establish the practice that the clerks of the trial courts file the complaints only after the filing fee has been submitted or waived.

**4.** The version of T.R. 4 applicable to *Geiger & Peters* required due diligence in service of process. The current version of T.R. 4 is cited to above and requires that the summons be tendered contemporaneously with the complaint.

conditioned upon diligence in service, T.R. 3 could have included appropriate language.

*See Geiger & Peters,* 428 N.E.2d at 1282.

Accordingly, we find that the trial court erred by dismissing the complaint on the ground that the summonses were not tendered prior to the expiration of the statute of limitations.

■ NNA and NMC argue in the alternative that dismissal of the action was appropriate under T.R. 41(E). However, our review of the trial court's order leads us to the conclusion that the trial court never reached the T.R. 41(E) issue which was argued below when rendering its decision. NNA and NMC filed motions to dismiss that were captioned "Defendant [NNA]'s Rules 12(B)(6) and 41(E) Motion to Dismiss Plaintiff's Complaint" (R. 52), and "Defendant [NMC]'s Motion To Dismiss Pursuant to Rules 12(B)(6) and 41(E)" (R. 181). NNA and NMC contend that the language in the trial court's order stating that "the motions to dismiss pursuant to Trial Rules 12(B)(6) and 41(E) of Defendants, Nissan Motor Company, Ltd. And Nissan North America, Inc., formerly known as Nissan Motor Corporation In USA be and hereby are granted," (R.220.), means that the trial court ordered dismissal of the complaint pursuant to both trial rules.

However, our review of the record leads us to the conclusion that the trial court's reference to "motions," plural, was a reference to the motion filed by NNA and the motion filed by NMC, two separate motions. Because the trial court found that the summonses were not served prior to the expiration of the statute of limitations there was no need for the trial court to reach the T.R. 41(E) issue to resolve the matter before it. Furthermore, we have held that the important question is not the label given to an action but rather its substance. *See Phillips v. State,* 611 N.E.2d 198, 199 (Ind.Ct.App.1993). *See also, English Coal Co. v. Durcholz,* 422 N.E.2d 302, 308, (Ind.Ct.App.1981), *trans.*

*denied* (character of an action is determined by its substance and not its form or caption). It does not necessarily follow that because the trial court granted a motion captioned "Motion To Dismiss Pursuant to Rules 12(B)(6) and 41(E)" or "Rules 12(B)(6) and 41(E) Motion to Dismiss Plaintiff's Complaint," that both rules were utilized to reach the conclusion announced in the order.

The trial court's order dismissing Hayes' complaint is reversed and the matter is remanded.

BAKER, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting

It is not within the prerogative of this court to overrule a clear and unmistakable ruling of the Indiana Supreme Court. Yet, the majority, here, has in effect done so.

In *Fort Wayne International Airport v. Wilburn* (2000) Ind.App., 723 N.E.2d 967, *trans. denied,* we noted that *Boostrom v. Bach* (1993) Ind., 622 N.E.2d 175, *cert. denied* (1994) 513 U.S. 928, 115 S.Ct. 318, 130 L.Ed.2d 279, involved a small claims matter. We also noted that under Small Claims Rule 3(A) the complaint, i.e. the "notice of claim" is "considered to be the summons." *Wilburn, supra* at 969 n. 1. Therefore, in small claims litigation the plaintiff is not required to tender a separate summons to the court for issuance by the Clerk.

Nevertheless, our Supreme Court clearly and unmistakably used terminology applicable to commencement of a suit under the Rules of Trial Procedure. In doing so, it left no doubt that in normal civil litigation the "documents necessary to commencement of a suit: the complaint, *the summons,* and the fee" must all be filed. *Boostrom, supra,* 622 N.E.2d at 177 n. 2 (emphasis supplied).

Without the tender of a summons to the court for issuance, the suit was not commenced. The statute of limitations expired before the suit was commenced. Unless and until our Supreme Court overturns or modifies the *Boostrom* decision,[5] it remains the law and as we held in *Wilburn,* we are obligated to follow it notwithstanding Trial Rule 3.

I would affirm the judgment of dismissal.

5. In considering the transfer petition in *Wilburn,* our Supreme Court had an opportunity to revisit *Boostrom* but chose not to do so.