## Sheila RAY–HAYES, as Parent and Natural Guardian of Amanda K. Ray, Appellant (Plaintiff below),

v.

## Ryan S. HEINAMANN, Nissan Motor Company, Ltd., Nissan North America, Inc., and Nissan Motor Corporation in U.S.A., Appellees (Defendants below).

### No. 89S05–0201–CV–306.

Supreme Court of Indiana.

Jan. 2, 2002.

Thomas C. Doehrman, Courtney E. Mc-Govern, Indianapolis, IN, Attorneys for Appellant.

Wayne C. Kreuscher, Michael D. Moon, Jr., Indianapolis, IN, Attorneys for Appellees Nissan, et al.

## ON PETITION TO TRANSFER

PER CURIAM.

We grant transfer to resolve a conflict between the Court of Appeals' opinion in this case, *Ray–Hayes v. Heinamann,* 743 N.E.2d 777 (Ind.Ct.App.2001), and another opinion, *Fort Wayne International Airport v. Wilburn,* 723 N.E.2d 967 (Ind.Ct.App.2000), *trans. denied.* These two opinions disagree over whether a civil action is timely commenced if the plaintiff files a complaint within the applicable statute of limitations but does not tender the summons to the clerk within that statutory period. We hold that in such circumstances the action is not timely.

In *Wilburn,* the plaintiff tendered a complaint and the filing fee to the clerk within the applicable statute of limitations but did not tender the summons to the clerk until a few days after the statutory period expired. 723 N.E.2d at 968. The Court of Appeals held that the lawsuit was not timely commenced. *Id.* at 968–69. In so holding, the court relied on language in *Boostrom v. Bach,* 622 N.E.2d 175 (Ind. 1993), *cert. denied,* 513 U.S. 928, 115 S.Ct. 318, 130 L.Ed.2d 279 (1994). *See Wilburn,* 723 N.E.2d at 969.

We held in *Boostrom* that a statute of limitations continued to run, and was not tolled, where a plaintiff sent her small claims complaint to the clerk within the statute of limitations but the clerk refused to file it because it was not accompanied by the prescribed filing fee. 622 N.E.2d at 175. We described that result as "consistent with the modern notion that the commencement of an action occurs when the plaintiff presents the clerk with the documents necessary for commencement of

suit." *Id.* at 177. We also referred to the summons as one of the essential documents:

> The plaintiff, of course, controls the presentation of all the documents necessary to commencement of a suit: the complaint, the summons, and the fee. Boostrom used a standard pre-printed small claims form, which contains the complaint and the summons on a single page. She thus filed two of the three items necessary to commencement of her action.

*Id.* at 177 n. 2. The *Wilburn* court treated this language as binding precedent. 723 N.E.2d at 969.

The Court of Appeals reached the opposite conclusion in the present case, *Ray–Hayes*. Here, the plaintiff amended her original complaint to add product liability claims against new defendants Nissan Motor Company, Ltd., Nissan North America, Inc., and Nissan Motor Corporation In U.S.A. (collectively "Nissan"). The plaintiff filed her amended complaint within two years after her product liability claims accrued, but she did not tender summonses for Nissan until over four months later, beyond the two-year statutory period. *See Ray–Hayes*, 743 N.E.2d at 778. Nissan moved to dismiss and argued, among other things, that the product liability claims should be dismissed under Indiana Trial Rule 12(B)(6). Nissan asserted in particular that the claims were not commenced within the applicable two-year statute of limitation because the summonses were not tendered within that period. The trial court dismissed the claims against Nissan, citing *Wilburn* and the plaintiff's failure to tender summonses for Nissan until after the statute of limitations expired. *Ray–Hayes*, 743 N.E.2d at 778–79.

The Court of Appeals, however, reversed and remanded. *Id.* at 781. It held that because the plaintiff filed her amended complaint within the statute of limitations, she commenced her claims against Nissan timely and dismissal was error. *Id.* (citing Ind. Trial Rule 3). The court called *Boostrom* distinguishable as a small claims case that should be limited to its facts, and the court implied that *Wilburn* had been incorrect for relying on *Boostrom.* *Id.* at 779. Judge Sullivan dissented. He opined that the passage quoted above from *Boostrom,* although made in the context of a small claims case, clearly applies to suits filed under the Indiana Trial Rules. *Id.* at 781 (Sullivan, J., dissenting). Consequently, he expressed the view that *Boostrom* and *Wilburn* require that the dismissal here be affirmed. *Id.* at 781–82.

We conclude that *Wilburn* was right and that Judge Sullivan's dissent in *Ray–Hayes* is correct. *Wilburn* gives effect to what we said in *Boostrom.* Requiring that the summons be tendered within the statute of limitations is also good policy because it promotes prompt, formal notice to defendants that a lawsuit has been filed. This not only helps to prevent surprise to defendants, but it also helps to reduce stagnation that might otherwise occur if claims could be filed only to remain pending on court dockets without notified defendants.

Moreover, our approval of *Wilburn* coincides with recent amendments to the Indiana Trial Rules reinforcing what we said in *Boostrom.* Pursuant to an amendment December 21, 2001, and effective April 1, 2002, Indiana Trial Rule 3 will read, "A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and sum-

mons as are necessary." Also, Indiana Trial Rule 4(B) was modestly amended on December 21, 2001, effective April 1, 2002, to read, in part, "Contemporaneously with the filing of the complaint or equivalent pleading, the person seeking service or his attorney shall furnish to the clerk as many copies of the complaint and summons as are necessary."

Having vacated the Court of Appeals opinion in *Ray–Hayes* by granting transfer, *see* Ind. Appellate Rule 58(A), we affirm the trial court's dismissal of claims against Nissan.

SHEPARD, C.J., and SULLIVAN and BOEHM, JJ., concur.

RUCKER, J., dissents with separate opinion, in which DICKSON, J., concurs.

RUCKER, Justice, dissenting

I respectfully dissent. Although it is true that we recently amended Indiana Trial Rule 3 such that a claim filed after the effective date will require the contemporaneous tender of a summons, complaint, and filing fee, that was not the case at the time Ray–Hayes commenced this action. Rather, the plain language of the current rule provides "[a] civil action is commenced by filing a complaint with the court or such equivalent pleading or document as may be specified by statute." Ind. Trial Rule 3. There is no same time summons-filing requirement. Also, the majority's view that *Boostrom* controls the outcome here is based on a footnote. *See* slip op. at 3, 760 N.E.2d at 174 (citing *Boostrom*, 622 N.E.2d at 177 n. 2). Because I do not believe this Court decides important issues of law in footnotes, it is my view that the *Boostrom* footnote is merely *obiter dictum* and not binding. Further, regardless of the policy considerations, with which I agree, that favor the contemporaneous filing of a summons and

complaint, the question here is whether the trial court erred in dismissing Ray–Hayes' complaint on the grounds asserted by Heinamann, namely: Indiana Trial Rule 41(E) for failure to prosecute a civil action and Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted.

Concerning Trial Rule 41(E), the Rule itself contemplates remedial action for an alleged violation: "the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's cost if the plaintiff shall not show sufficient cause at or before such hearing." T.R. 41(E). As for Trial Rule 12(B)(6), dismissals are improper unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *Thomson Consumer Elecs., Inc. v. Wabash Valley Refuse Removal, Inc.*, 682 N.E.2d 792, 793 (Ind. 1997). Reading together the *Boostrom* footnote, the unambiguous language of Trial Rule 3, and the split decision in the Court of Appeals opinion of *Fort Wayne International Airport v. Wilburn*, 723 N.E.2d 967 (Ind.Ct.App.2000), *trans. denied*, one can only conclude that at the time Ray–Hayes commenced this action, at the very least the question was unsettled whether a party in a non-small claims case was required to file a summons and complaint at the same time. Under those circumstances it is not at all clear to me that Ray–Hayes was entitled to no relief on her complaint. In my view the trial court erred in granting Heinamann's motion to dismiss. I would therefore reverse the trial court's judgment and remand this cause for further proceedings.

DICKSON, J., concurs.