IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 14, 2025 Session

FILED
08/08/2025
Clerk of the
Appellate Courts

## INDUSTRIAL BOILER & MECHANICAL CO., INC. v. TYLER ANDREW EVATT ET AL.

**Appeal from the Chancery Court for Hamilton County**
No. 21-0126     Jeffrey M. Atherton, Chancellor

———————————————————

**No. E2024-00952-COA-R3-CV**

———————————————————

The plaintiff in this non-compete dispute raised several causes of action in the operative complaint but later filed a notice of voluntary nonsuit as to one of the claims within the suit. The defendants did not object at the time but nearly two years later filed a motion to dismiss the entire suit. The defendants asserted that Tennessee Rule of Civil Procedure 41.01 does not allow plaintiffs to dismiss one or more but fewer than all of the claims in a lawsuit. The trial court agreed and dismissed the plaintiff's remaining claims without prejudice. The plaintiff appeals. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Darald J. Schaffer, Chattanooga, Tennessee, for the appellant, Industrial Boiler & Mechanical Co., Inc.

Everett L. Hixson III, Chattanooga, Tennessee, for the appellee, Gene Matthew Davies.

Michael M. Thomas, Chattanooga, Tennessee, for the appellee, Premier Boiler & Combustion, LLC.

Phillip Fleenor, Chattanooga, Tennessee, for the appellee, Tyler Evatt.

# OPINION

## BACKGROUND

This case originated as a dispute over a non-compete agreement; however, the present appeal involves a narrow procedural issue stemming from Rule 41.01. Industrial Boiler & Mechanical Co., Inc. ("Plaintiff") sued Tyler Evatt, Premier Boiler & Combustion, LLC ("Premier Boiler"), and Gene Davies (together, "Defendants") after Mr. Evatt left Plaintiff's employment to join Premier Boiler. Mr. Davies is an owner of Premier Boiler. Plaintiff filed the operative complaint against Defendants in the Chancery Court for Hamilton County ("trial court") on March 28, 2022, alleging causes of action for breach of contract, intentional interference with a business relationship, civil conspiracy, and violations of the Tennessee Uniform Trade Secrets Act. Plaintiff also accused Defendants of evidence spoliation and asked the trial court to pierce the corporate veil as to Premier Boiler, alleging that Premier Boiler is Mr. Davies' alter ego.

Defendants filed a motion to dismiss on April 22, 2022, arguing that spoliation is not a standalone cause of action and that the Trade Secrets Act statutorily preempts the civil conspiracy claim. On June 8, 2022, Plaintiff filed a notice of voluntary nonsuit only as to the civil conspiracy cause of action. The notice states that "[a]ll other claims set forth in Plaintiff's Second Amended Complaint remain intact and are not dismissed by this Notice including, but not limited to, Plaintiff's claims arising under the Tennessee Uniform Trade Secrets Act." The trial court entered its order dismissing Plaintiff's Uniform Trade Secrets Act claim on June 9, 2022. Plaintiff did not file an amended complaint following the notice of nonsuit. The trial court held a hearing on the motion to dismiss on June 9, 2022, at which counsel for all parties confirmed dismissal of the civil conspiracy count. Plaintiff points out in its brief that Defendants did not object to the partial dismissal at the June 9, 2022 hearing. The trial court entered an order denying Defendants' motion to dismiss on July 25, 2022, finding the following, as pertinent, regarding spoliation:

> The Court finds it troubling that evidence can now be so easily spoliated. However, the Court is satisfied that the common law in Tennessee, particularly in light of the time that it takes to adjust its Rules of Civil Procedure needs to be flexible enough to address ongoing and developing issues that arise with the advancement of technologies such as the issue of intentional spoliation of electronically stored information.
>
> Since the individual tort of intentional spoliation of evidence has not yet been directly addressed by Tennessee courts of record, this Court will look to the law in other states to examine the elements of the tort. The Court will follow *Coleman v. Eddy Potash, Inc.*, 905 P.2d 185, 189 (N.M. 1995). In *Coleman*, the Supreme Court of New Mexico identified six elements of the tort of intentional spoliation:

(1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages.

*Id.*

The Court now turns to the Plaintiff's Second Verified Amended Complaint. The Court deems it appropriate to adopt and accept the individual tort of spoliation as identified in *Coleman*. Therefore, the Court finds that Defendant's Rule 12.02(6) motion to dismiss Plaintiff's claim of intentional spoliation of evidence is not well taken and should be denied.

Defendants sought an interlocutory appeal of the trial court's ruling on spoliation, but this Court denied their request in an order entered October 5, 2022.

On March 15, 2024, Defendants filed a new motion to dismiss, arguing that Plaintiff's remaining claims must also be dismissed because Rule 41.01 does not allow for piecemeal dismissal of individual claims within a lawsuit. Defendants relied on this Court's opinion in *Justice v. Craftique Construction, Inc.*, No. E2019-00884-COA-R3-CV, 2021 WL 142146 (Tenn. Ct. App. Jan. 15, 2021). Plaintiff opposed the motion, arguing that because the order allowing nonsuit was technically interlocutory, the trial court could revise it. The trial court held a hearing on the second motion to dismiss on April 9, 2024. In an order entered on May 30, 2024, the trial court found as follows:

[T]he Court finds that although *Justice v. Craftique Constr., Inc.*, No. E2019-00884-COA-R3-CV, 2021 Tenn. App. LEXIS 13, 2021 WL 142146 (Tenn. Ct. App. Jan. 15, 2021) does not appear to be controlling, the Court finds that it indicates that the entire case should have been voluntarily dismissed on June 9, 2022, without prejudice. The Court disagrees with the holding in *Justice v. Craftique Constr., Inc.*, No. E2019-00884-COA-R3-CV, 2021 Tenn. App. LEXIS 13, 2021 WL 142146 (Tenn. Ct. App. Jan. 15, 2021) as applied in this case and invites Plaintiff to seek appellate review of this Order.

Thus, the trial court concluded that it was required to dismiss Plaintiff's entire lawsuit. Plaintiff filed a timely notice of appeal to this Court.

## ISSUES

Plaintiff raises two issues on appeal, both of which pose essentially the same question: Whether the trial court erred in ruling that Plaintiff could not dismiss an

- 3 -

individual claim within its lawsuit and instead dismissed the entire case on motion by Defendants.

In their posture as appellees, Defendants raise the following additional issues, taken verbatim from their appellate brief:

I.       Whether the dismissal of the entire action is with prejudice or without prejudice because all applicable statutes of limitation have expired.

II.      Whether Tennessee recognizes the independent tort of first-party spoliation of evidence.

III.     Whether the trial court committed error when it recognized the independent tort of first-party spoliation of evidence as found under *Coleman v. Eddy Potash, Inc.*, 905 P.2d 185, 189 (N.M. 1995).

## DISCUSSION

*Rule 41.01*

The first and central issue in this case deals with the construction of Tennessee Rule of Civil Procedure 41.01. "The construction of statutes and procedural rules are questions of law that are reviewed de novo without any presumption of correctness." *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011) (citing *In re Est. of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009)). Principles of statutory construction also apply to procedural rules; those principles are as follows:

> Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998).

*Id.* If the language of a procedural rule "is capable of more than one meaning, we 'must seek a reasonable construction in light of the purposes, objectives, and spirit of the [rule]

- 4 -

based on good sound reasoning.'" *Clark v. Werther*, No. M2014-00844-COA-R3-CV, 2016 WL 5416335, at *4 (Tenn. Ct. App. Sept. 27, 2016) (quoting *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 286 (Tenn. 2001)).

Rule 41.01 provides, as pertinent:

(1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause[.]

Tenn. R. Civ. P. 41.01. Subject only to narrow exceptions, a plaintiff's right to a voluntary nonsuit is "unilateral and absolute." *Flade v. City of Shelbyville*, 699 S.W.3d 272, 281 (Tenn. 2024) (quoting Lawrence A. Pivnick, *Tennessee Circuit Court Practice* § 23:1, at 1039 (2009)). A plaintiff is the master of his or her complaint, and "[f]or well over a century, plaintiffs in Tennessee have enjoyed the right to voluntarily dismiss an action without prejudice and refile the action within one year of the dismissal." *Clark*, 2016 WL 5416335, at *3 (citing *Evans v. Perkey*, 647 S.W.2d 636, 640 (Tenn. Ct. App. 1982)). Aside from "limited and well-defined circumstances[,]" a plaintiff's right to a voluntary nonsuit is "free and unrestricted . . ." *Westfield Grp. Ins. v. Embry*, No. M2022-01301-COA-R3-CV, 2023 WL 6314469, at *3 (Tenn. Ct. App. Sept. 28, 2023).

The dispute at issue turns on the word "action" in Rule 41.01. Some courts interpret comparable rules, particularly the word "action," to mean that "Rule 41 governs dismissal of actions, not claims." *MAKS, Inc. v. EODT Gen. Sec. Co.*, No. 3:10-CV-443, 2011 WL 6151424, at *2 (E.D. Tenn. Dec. 12, 2011) (citing *Mgmt. Inv'rs v. United Mine Workers*, 610 F.2d 384, 394 n.22 (6th Cir. 1979)). In those jurisdictions, the correct way to dismiss one or more but fewer than all the claims in a lawsuit is through an amended complaint. *See id.* Indeed, this is the prevailing theory in the federal courts. *See* STEVEN S. GENSLER, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY § 41:2 (2d ed. 2025) (collecting cases and explaining that "Rule 41(a) dismissals are limited to the dismissal of the *entire action*, and cannot be used to dismiss individual claims").

State courts use various approaches. *See* 27 C.J.S. *Dismissal and Nonsuit* § 16 (2025) ("Some jurisdictions permit a plaintiff to voluntarily dismiss, discontinue, or nonsuit part of the plaintiff's claim but not all claims, provided there is no prejudice to the rights of other parties, while other jurisdictions are more restrictive."). In Texas, for example, "[t]he movant may choose to take a non-suit as to some claims and parties without

- 5 -

non-suiting the rest of the claims or parties." *Ethicon Endo-Surgery, Inc. v. Gillies*, 343 S.W.3d 205, 210 (Tex. App. 2011) (citing TEX. R. CIV. P. 162, 163); *see also Geiger & Peters, Inc. v. Am. Fletcher Nat. Bank & Tr. Co.*, 428 N.E.2d 1279, 1281 (Ind. Ct. App. 1981) (interpreting the word "'action' as it is used in T.R. 41 as meaning a particular claim for relief"). The New Mexico Court of Appeals has held that parties may stipulate to the dismissal of individual claims within an action, as this has the same practical effect as agreeing to an amended complaint. *Gates v. N.M. Tax'n & Revenue Dep't*, 176 P.3d 1178, 1182 (N.M. Ct. App. 2007).

Our research revealed no reported Tennessee cases squarely addressing this question. While the trial court mentioned *Justice v. Craftique Construction, Inc.*, No. E2019-00884-COA-R3-CV, 2021 WL 142146, at *1 (Tenn. Ct. App. Jan. 15, 2021), that case is distinguishable. In *Justice*, the plaintiff sued a developer and the developer's president over a "failed" subdivision. *Id.* at *1. The plaintiff alleged that the president was the company's alter ego. *Id.* The plaintiff "sought specific performance of Craftique's obligations and damages for the diminished value of his property[,]" and eventually obtained a default judgment when the defendants repeatedly failed to appear for court. *Id.* "The trial court conducted a writ of inquiry on December 9, 2010, to determine [the plaintiff's] damages, and on January 18, 2011, the court entered judgment against Craftique for $85,000." *Id.* The case continued as to the damages against the company's president, and trial began in April of 2018. *Id.* "[D]uring that trial, [the plaintiff's] attorney announced that [the plaintiff] wanted to nonsuit 'the damages claim, only as to the writ of inquiry on damages only against [Craftique's president].'" *Id.* The plaintiff then filed "a Notice of Partial Voluntary Dismissal Without Prejudice . . . stating that he was 'exercising his right under Tenn. R. Civ. P. 41.01 to take a voluntary non-suit without prejudice only as to the damages writ of inquiry against Defendant Jason Chandler in this case and nothing else.'" *Id.* at *2 (bracketing omitted). The trial court then entered an order dismissing the plaintiff's entire case without prejudice, and the plaintiff appealed to this Court. *Id.*

On appeal, the plaintiff argued that he was entitled to separate the liability portion of his claim and nonsuit only the damages portion, noting his absolute right to take a nonsuit pursuant to Rule 41.01. While this Court agreed with the plaintiff regarding his right to take a nonsuit insofar as the case had not been finally submitted, we disagreed that he could bifurcate his nonsuit in the requested manner. The plaintiff in *Justice* "attempt[ed] to nonsuit one or more *elements* of a particular claim[,]" and neither Rule 41.01 nor any other legal authority supported his right to do so. *Id.* at *3 (emphasis added). Consequently, we affirmed the trial court's ruling dismissing the plaintiff's claims without prejudice. *Id.*

Contrary to Defendants' position, *Justice* does not control the present case. Our holding in *Justice* was that Rule 41.01 does not allow for the voluntary nonsuit of *elements* within a claim. *Justice* does not squarely address the real question at hand, which is whether Rule 41.01 allows a party to voluntarily nonsuit one or more but fewer than all of

- 6 -

the claims within a particular lawsuit. We conclude that it does so allow, and this construction makes sense for several reasons. First, the division surrounding this issue shows that the word "action" in the context of voluntary nonsuits is capable of more than one meaning. For example, if a lawsuit involved only one cause of action, then that individual cause of action squares with the language of Rule 41.01. However, because the word "action" in this context is capable of more than one meaning, "we must seek a reasonable construction in light of the purposes, objectives, and spirit of the [rule] based on good sound reasoning." *Clark*, 2016 WL 5416335, at *4 (quotation omitted).

The purpose of Rule 41.01 is "to preserve the historically liberal practice of allowing voluntary nonsuits in circuit court." *Clark*, 2016 WL 5416335, at *4 (citing *Evans*, 647 S.W.2d at 640). As a plaintiff's right to a nonsuit is supposed to be "free and unrestricted . . . before the jury retires[,]" our construction furthers the purpose of the rule and advances substance over form. *Id*. at *3. Although it is true that "we are guided by" decisions construing Rule 41.01's federal counterpart, *Hussey v. Woods*, 538 S.W.3d 476, 486 n.7 (Tenn. 2017), this does not end our analysis. The right to a voluntary nonsuit is purposefully more liberal under our rule than it is under the federal rule. *See Flade*, 699 S.W.3d at 282 (observing that "the rule governing voluntary nonsuits in Tennessee is more permissive than in the federal courts and some of our sister states. . . . Our rule recognizes that the plaintiff is in large measure the master of his suit . . . and in most situations, a voluntary non-suit may be taken as a matter of right . . .") (internal quotations and bracketing omitted); *see also Britt v. Usery*, No. W2022-00256-COA-R3-CV, 2024 WL 195879, at *4 (Tenn. Ct. App. Jan. 18, 2024) (same); *Beinke v. Roberson*, No. M2023-00637-COA-R3-CV, 2024 WL 2957797, at *4 (Tenn. Ct. App. June 12, 2024) (same).

Moreover, while no Tennessee cases squarely address this issue, our research revealed several cases in which a party voluntarily nonsuited one or more but fewer than all of its claims without issue. *See, e.g.*, *Gersper v. Turner*, No. M2022-01136-COA-R3-CV, 2024 WL 4554706, at *2 (Tenn. Ct. App. Oct. 23, 2024); *Lankford v. City of Hendersonville*, No. M2016-02041-COA-R3-CV, 2018 WL 1559971, at *2 (Tenn. Ct. App. Mar. 29, 2018); *Martin v. Powers*, 505 S.W.3d 512, 516 (Tenn. 2016); *Diggs v. DNA Diagnostic Ctr.*, No. W2012-01617-COA-R3-CV, 2013 WL 3972191, at *2 (Tenn. Ct. App. Aug. 2, 2013). Admittedly, none of the above-listed cases deal with Rule 41.01 as part of the holding. We mention these cases simply to highlight the fact that Rule 41.01 is broadly understood in Tennessee as allowing the voluntary nonsuit of causes of action within a lawsuit, so long as none of the limitations on Rule 41.01 otherwise apply.

Against this backdrop, we conclude that within the context of voluntary nonsuits, an action can be a particular claim for relief or cause of action as opposed to an entire lawsuit. We do not consider the language of Rule 41.01 in a vacuum, but rather we "seek a reasonable construction in light of the purposes, objectives, and spirit of the rule based on good sound reasoning." *Clark*, 2016 WL 5416335, at *4 (bracketing omitted). The

spirit of Rule 41.01 is an intentionally liberal construction affording plaintiffs broad leeway as the masters of the complaint. It is also worth noting that in this particular case, there is no question that Defendants were not prejudiced by Plaintiff's actions. At the June 2022 motion to dismiss hearing, Defendants agreed with the trial court that the claim at issue was dismissed. Defendants ask us to exalt form over substance and to sanction a procedural posture that allowed them to lie in wait for nearly two years after failing to object to Plaintiff's action. Accordingly, it is Plaintiff who potentially suffered prejudice here. As Defendants' proposition does not promote the spirit of Rule 41.01, justice, or judicial economy, we decline to adopt it.

As such, we hold that the trial court erred in dismissing all of Plaintiff's claims more than two years after Plaintiff took a voluntary nonsuit of fewer than all of its claims. Rule 41.01 does not demand this result, and we thus reverse the trial court. Because the trial court erred in dismissing Plaintiff's entire lawsuit, the issue of whether the dismissal should have been with or without prejudice is pretermitted.

*Spoliation of evidence*

Having determined that Plaintiff's lawsuit should not have been dismissed in its entirety, we must decide whether one of Plaintiff's claims was rightfully dismissed, but on another basis. Defendants argue that the trial court erred in determining that Plaintiff could proceed using spoliation of evidence as an independent cause of action. The trial court accepted "the individual tort of spoliation as identified" by other states, noting its concern that "the individual tort of intentional spoliation of evidence has not yet been directly addressed by Tennessee courts of record . . ." On appeal, Defendants maintain that "Tennessee courts already have the power to remedy spoliation issues[,]" and that "[i]n the instant case, the trial judge did not expand upon existing law and instead created new law." Plaintiff agrees that the trial court created new law, noting in its reply brief to this Court that "Tennessee has not yet formally recognized or rejected the tort of spoliation[,]" but that "[t]he ease of destroying electronic evidence without a trace justifies recognizing spoliation as a standalone tort."

Here, we agree with Defendants. The remedy for evidence spoliation is sanctions and the trial courts have broad authority to impose those sanctions on a case-by-case basis. *Tatham v. Bridgestone Americas Holding, Inc.*, 473 S.W.3d 734, 746 (Tenn. 2015). While the trial court's concerns regarding technology and spoliation are valid, such a significant expansion of Tennessee law is beyond our reach and is better directed to our Supreme Court. Therefore, while the remainder of Plaintiff's claims survive, the standalone cause of action for spoliation does not.

Consequently, the trial court's ruling on Plaintiff's partial nonsuit is reversed, and Plaintiff's claims survive aside from the claim for spoliation, which is not a recognized cause of action in Tennessee.

### CONCLUSION

The ruling of the Chancery Court for Hamilton County is reversed, and this case is remanded for proceedings consistent with this opinion. Costs on appeal are assessed one-half to the appellant, Industrial Boiler & Mechanical Co., Inc., and one-half to the appellees, Tyler Evatt, Premier Boiler & Combustion, LLC, and Gene Davies, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE