# FOR PUBLICATION



FILED
Dec 11 2014, 6:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL P. QUIRK**
Quirk & Hunter, P.C.
Muncie, Indiana

ATTORNEY FOR APPELLEE:

**PATRICK J. DIETRICK**
Dietrick Law, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DOLLIE SMITH, HENRY HARRIS, JR., AND CLARENCE CARTER, | ) ) ) | |
| Appellant-Plaintiffs, | ) ) | |
| vs. | ) ) | No. 48A05-1404-CT-166 |
| WAYNE HAGGARD, | ) ) | |
| Appellee-Defendant. | ) ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48C06-1311-CT-200, 48C06-1311-CT-201

**December 11, 2014**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Clarence Carter, Dollie Smith, and Henry Harris (collectively "the Appellants") appeal the Madison Circuit Court's dismissal of their complaints against Wayne Haggard ("Haggard"). The Appellants claim that the trial court erred when it concluded that their complaints should be dismissed because they failed to file their summonses as required by Trial Rule 3 within the two-year statute of limitations.

We affirm.

**Facts and Procedural History**

On November 3, 2011, Henry Harris was driving his vehicle on Mounds Road in Madison County, Indiana. Dollie Smith and Clarence Carter were passengers in Harris's vehicle. Harris's vehicle was involved in an accident with Haggard's vehicle. Haggard allegedly caused the accident by failing to yield the right-of-way to Harris and by pulling his vehicle out in front Harris's vehicle.

The Appellants were injured in the accident and incurred medical expenses as a result. Therefore, the Appellants' attorney prepared three separate complaints on behalf of the Appellants and named Haggard as the defendant. On November 2, 2013, the Appellants' attorney mailed the three complaints to the Madison County Clerk, via certified mail.[1] The filing fees were enclosed in the mailing, but the attorney's appearances and summonses were not. On November 6, 2013, the Appellants' attorney faxed his appearances and summonses for all three cases to the Madison County Clerk.

---

[1] The Madison County Clerk originally marked the complaint as filed on November 5, 2013. The Appellants moved to correct the date of filing pursuant to Trial Rule 5(F)(3). The Appellants' motion was granted and the complaints were marked as filed on November 2, 2013, the date they were mailed, via certified mail.

On November 21, 2013, Haggard filed a motion to dismiss all three complaints arguing that the complaints were filed after the two-year statute of limitations had expired. A hearing was held on Haggard's motion to dismiss on March 5, 2014.[2] Citing Trial Rule 3, Haggard argued that the complaints should be dismissed because the Appellants filed the summonses on November 6, 2013,[3] two days after the two-year statute of limitations expired. The Appellants argued that they had substantially complied with Trial Rule 3 and Haggard could not establish any prejudice because the summonses were filed four days after their complaints.

On March 13, 2014, the trial court granted Haggard's motion to dismiss the Appellants' complaints. The court concluded that the Plaintiffs "failed to timely commence their respective complaints within the two year statute of limitation" because the summonses were filed two days after the statute of limitations expired. Appellant's App. pp. 166-67. The Appellants now appeal.

**Discussion and Decision**

The Appellants argue that they substantially complied with Trial Rule 3, and Haggard failed to show any prejudice by the late filing of the summonses, and therefore, the trial court erred when it granted Haggard's motion to dismiss. Citing Trial Rule 3, Haggard argues that the complaints were properly dismissed because the two-year statute of limitation expired before the summonses were filed.

---

[2] Prior to the hearing, Smith's and Harris's causes of action were consolidated under cause number 48C06-1311-CT-201.

[3] November 3, 2013, two years from the date of the November 3, 2011 accident, was a Sunday. Therefore, the Appellants' complaints, filing fees, and summonses had to be filed no later than Monday, November 4, 2013.

3

Trial Rule 3 provides in pertinent part that "[a] civil action is commenced by filing with the court a complaint . . . by payment of the prescribed filing fee . . . and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary."[4] Citing Trial Rule 3, our supreme court has concluded that a civil action is not timely commenced "if the plaintiff files a complaint within the applicable statute of limitations but does not tender the summons to the clerk within that statutory period." See Ray-Hayes v. Heinamann, 760 N.E.2d 172, 173 (Ind. 2002) aff'd in part and rev'd in part on reh'g, 768 N.E.2d 899 (Ind. 2002).[5]

The Ray-Hayes Court specifically rejected the argument that filing only the complaint within the statute of limitations was sufficient and stated:

> Requiring that the summons be tendered within the statute of limitations is also good policy because it promotes prompt, formal notice to defendants that a lawsuit has been filed. This not only helps to prevent surprise to defendants, but it also helps to reduce stagnation that might otherwise occur if claims could be filed only to remain pending on court dockets without notified defendants.

Id. at 174.

The Ray-Hayes Court also expressly approved of our court's opinion in Fort Wayne International Airport v. Wilburn, 723 N.E.2d 967 (Ind. Ct. App. 2000). In Wilburn, the plaintiff submitted her complaint and the appropriate filing fee to the trial

---

[4] Trial Rule 4 (B) also provides that "[c]ontemporaneously with the filing of the complaint or equivalent pleading, the person seeking service or his attorney shall furnish to the clerk as many copies of the complaint and summons as are necessary."

[5] The supreme court granted rehearing and affirmed its holding but concluded that its holding only applied prospectively. Ray-Hayes, 768 N.E.2d at 901.

4

court clerk one day before the statute of limitations expired. Three days later, the plaintiff tendered her summons.

Our court concluded that the plaintiff's action was time barred because she failed to file "all of the documents necessary to commencement of a suit." Id. at 968 (citing Boostrom v. Bach, 622 N.E.2d 175, 177 n.2 (Ind. 1993)). We observed that

> only two out of the three requisites for commencement of the action have been met. Fulfillment of two of the three requirements may equate with a Hall of Fame .667 batting average in the major leagues. However, such is not adequate under our rules and case precedent to permit plaintiff to continue compete in this contest.

Id.

Recently, our court addressed a similar argument in Hortenberry v. Palmer, 992 N.E.2d 921 (Ind. Ct. App. 2013), trans. denied. In that case, the plaintiff timely filed his complaint, summons, and filing fee; however, the plaintiff mistakenly sent $137 for the filing fee. The applicable filing fee for the plaintiff's cause of action was $139. The plaintiff corrected his mistake, but not before the statute of limitations had expired. The defendant argued that the plaintiff's complaint was time barred because he failed to timely pay the required filing fee. The trial court rejected the defendant's argument and concluded that "'an inadvertent clerical error (a $2.00 shortfall of the fee that was only recently increased) should not deprive Plaintiff of a right to litigate his claim in court.'" Id. at 923 (record citation omitted).

On appeal, our court disagreed with the plaintiff's argument that he "substantially complied" with the requirements of Trial Rule 3 because he tendered a filing fee with his complaint and summons, albeit in an incorrect amount. We acknowledged that dismissal

5

of the plaintiff's complaint "produces a harsh result in this case" and reiterated our preference for deciding cases on their merits. Id. at 926. However, "that preference 'does not displace the legislative policy which undergirds the statute of limitations,' that is, to spare courts from stale claims and insure that parties are given reasonable notice that a claim is being asserted against them." Id. (quoting Boostrom, 622 N.E.2d at 176).

Moreover, we rejected the plaintiff's "substantial compliance" argument and concluded: "[w]e think that our supreme court intended to create a bright-line rule for determining when an action has been commenced and has left us with no discretion in the matter." Id. Accordingly, our court held that the trial court erred because it failed to apply the "clear language of Trial Rule 3", and we reversed the trial court's denial of the defendant's motion to dismiss. Id.

For all of the same reasons, we must reject the Appellants' argument that they substantially complied with Trial Rule 3. Because the Appellants filed their summonses two days after the statute of limitations expired, they failed to meet the requirements under Trial Rule 3 for timely commencement of their causes of action. Under the bright-line rule our supreme court established in Boostrom, and applied in Ray-Hayes, the trial court properly dismissed the Appellants' complaints against Haggard.

Affirmed.

RILEY, J. and CRONE, J. concur.