

FILED

Apr 07 2026, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Justin Gordon and Kierston Cates,

*Appellants-Plaintiffs*

v.

Terex Corp., Terex USA, LLC, Terex South Dakota, Inc., Genie Industries, Inc., and General Rental & Sales, LLC,

*Appellees-Defendants*

---

April 7, 2026

Court of Appeals Case No.
25A-CT-2275

Appeal from the Pike Circuit Court

The Honorable Evan C. Biesterveld, Judge
The Honorable Monica C. Gilmore, Special Judge

Trial Court Cause No.
63C01-2502-CT-61

---

**Opinion by Judge Bradford**

Judges Pyle and Kenworthy concur.

**Bradford, Judge.**

# Case Summary

Justin Gordon and Kierston Cates (collectively, "Appellants") allege that Gordon was severely injured on February 13, 2023, when the boom lift that he was using touched a power line. At 11:39 p.m. on February 13, 2025, twenty-one minutes before the expiration of the applicable two-year statute of limitations, Appellants filed a complaint against Terex Corporation, Terex USA, LLC, Terex South Dakota, Inc. ("the Terex Defendants"); Macquarie Corporate and Asset Funding, Inc., and Macquarie Equipment Capital, Inc. ("the Macquarie Defendants"); Genie Industries, Inc. ("Genie"); and General Rental & Sales, LLC ("General Rental") (all except for the Macquarie Defendants collectively, "Appellees"), alleging claims of negligence, products liability, and gross negligence. Appellants did not include summonses with their complaint as required by Indiana Trial Rule 3 at any point before the expiration of the statute of limitations.

After Appellees moved to dismiss Appellants' lawsuit with prejudice pursuant to Trial Rule 12(B)(6), Appellants moved to voluntarily dismiss the lawsuit without prejudice pursuant to Trial Rule 41(A)(1). The trial court denied Appellants' motion and granted Appellees' motion. We affirm.

## Facts and Procedural History

[3] According to the facts as alleged in the complaint, Gordon owns a landscaping business. On February 13, 2023, Gordon was cutting trees as part of a landscaping job in Oakland City. Gordon had rented a towable boom lift to complete the job. Gordon alleges that he was injured when the boom lift, "while operating on its own without input from [him], moved into a power line resulting in" his electrocution. Appellants' App. Vol. II p. 18. On March 27, 2023, Texas attorney Patrick Daniel sent a "Letter of Representation and Notice of Preservation of Evidence" on behalf of Gordon to General Rental. Appellants' App. Vol. II p. 98 (formatting altered).

[4] At 11:39 p.m. on February 13, 2025, twenty-one minutes before the applicable two-year statute of limitations expired, Appellants filed their *pro-se* complaint for damages in Pike County.[1] Although it has since been acknowledged that Appellants are not legally married, the complaint listed them as husband and wife. Appellants raised numerous claims against Appellees and the Macquarie Defendants, including negligence, products liability, and gross negligence. The complaint was filed "pro se" by Cates, individually and as power of attorney for Gordon. While Cates attached an "unsworn declaration" claiming to have power of attorney for Gordon, she did not provide any proof that she had been appointed as Gordon's power of attorney in a manner consistent with Indiana

---

[1] Appellants filed a nearly identical lawsuit in Gibson County at 10:42 p.m. on February 13, 2025.

Code section 30-5-4-1.[2]  Appellants' App. Vol. II p. 28.  Cates also did not attach any summonses to her complaint or even request that summonses be issued.

[5]     On March 5, 2025, General Rental moved to dismiss, alleging that Appellants had failed to state a claim for which relief could be granted.  General Rental raised a statute-of-limitations defense, claiming that as of March 4, 2025, Appellants had "neither issued nor tendered summonses" and, as such, had failed to commence their lawsuit within the two-year statute of limitations.  Appellants' App. Vol. II p. 46.  On March 12, 2025, Appellants belatedly requested that the trial court issue summonses, but the summonses were not issued by the trial court because the summonses provided by Appellants were defective.

[6]     On April 16, 2025, Genie and the Terex Defendants moved to dismiss, claiming that Appellants had failed to commence their lawsuit within the two-year statute of limitations.  Genie and the Terex Defendants also claimed that Appellants' lawsuit was subject to dismissal for insufficiency of process.  Also

---

[2]  Indiana Code section 30-5-4-1 provides that
> (a) To be valid, a power of attorney must meet the following conditions:
>> (1) Be in writing.
>> (2) Name an attorney in fact.
>> (3) Give the attorney in fact the power to act on behalf of the principal.
>> (4) Be signed by the principal or at the principal's direction:
>>> (A) in the presence of a notary public; or
>>> (B) in the presence of witnesses as described under sections 1.3, 1.5, 1.7, and 1.9 of this chapter.
> (b) In the case of a power of attorney signed at the direction of the principal, the notary must state that the individual who signed the power of attorney on behalf of the principal did so at the principal's direction.

on April 16, 2025, the Macquarie Defendants moved to dismiss, claiming that Appellants had failed to commence their lawsuit within the two-year statute of limitations and an insufficiency of process. The Macquarie Defendants attached extrinsic evidence in support of their motion.

[7] On April 18, 2025, attorney Rahul "Monish" Bipin Patel appeared on behalf of Appellants.[3] On May 7, 2025, Appellants, allegedly through counsel by Patel and Patrick Daniel,[4] filed a notice of involuntary dismissal ("Notice #1"). Notice #1 indicated that it had been filed on behalf of both Gordon and Cates. The Macquarie Defendants objected to Notice #1, claiming that because they had attached extrinsic evidence to their April 30, 2025 motion to dismiss, pursuant to Indiana Trial Rule 12(B), their motion was to be treated as a motion for summary judgment and, as a result, there was "no basis for a voluntary dismissal" by Appellants.[5] Appellants' App. Vol. II p. 88. General Rental also objected to Notice #1, citing the same reasons as the Macquarie Defendants. General Rental had also supplemented its motion to dismiss, which had been filed on March 5, 2025, with extrinsic evidence. On May 8, 2025, Cates, in her individual capacity and as the alleged power of attorney for Gordon, filed a second notice of voluntary dismissal ("Notice #2").

---

[3] The chronological case summary ("CCS") indicates that Patel appeared on behalf of both Gordon and Cates but Patel's appearance form indicates that he had appeared only on behalf of Gordon.

[4] Patrick Daniel appears to be a licensed attorney in Texas. Although he filed motions on behalf of Appellants below, he had not filed an appearance in the underlying action.

[5] On March 8, 2025, Appellants and the Macquarie Defendants filed a joint motion to dismiss the Macquarie Defendants with prejudice.

Appellants, allegedly by Patel, also filed a response to General Rental's objection to Notice #1.

[8] During a hearing on the pending motions to dismiss on May 9, 2025, Patel acknowledged that Daniel had not appeared as counsel in the Pike County lawsuit and informed the trial court that he had "not authorized [his] signature on" either Notice #1 or the response to General Rental's objection to Notice #1 and that he had "never even seen the documents." Tr. Vol. II p. 8. Patel hesitated to qualify his signature on the documents as "falsified" but stated that it "was never authorized – my signature on those." Tr. Vol. II p. 8. Patel explained that he was supposed to be local counsel for Daniel on the Gibson County case "[b]ut Pike County was never admitted and now I never authorized documents to be signed uh, for a case I'm not even in it.… I don't even do civil work." Tr. Vol. II p. 9. Patel stated that he would not say anything in opposition to Appellees' motions to dismiss. Patel reiterated that "I'm not saying anything in opposition to what they're asking for." Tr. Vol. II p. 9.

[9] After a brief recess, the trial court denied Appellants' notice of voluntary dismissal "that was filed by Mr. Patel but um, also by Mr. Daniel who is not uh, in this case at this time." Tr. Vol. II p. 12. The trial court noted that although neither Cates, Gordon, nor Daniel had appeared at the hearing, all parties had been given notice of the hearing and had been given the opportunity

to appear and be heard.  At the conclusion of the hearing, Patel orally withdrew his appearance and indicated that he would also do the same in writing.[6]

[10] On June 9, 2025, Appellants moved to correct error.  In their motion, Appellants argued that their right to voluntarily dismiss the underlying lawsuit without prejudice was absolute and that the trial court had not had the discretion to deny their voluntary dismissal.  Appellees opposed Appellants' motion to correct error, arguing that the ability to voluntarily dismiss an action is not absolute.  On August 19, 2025, the trial court denied Appellants' motion to correct error.

## Discussion and Decision

[11] This case comes to us following the denial of Appellants' motion to correct error.  Appellants contend that the trial court erred in denying their voluntary dismissals without prejudice and in granting Appellees' motions to dismiss with prejudice.

### I. Appellants' Motion for Voluntary Dismissal

[12] At the outset, we note that Appellants filed Notice #1 and Notice #2, both of which sought a voluntary dismissal of their underlying lawsuit.  Appellants claim on appeal that they were entitled to an automatic dismissal upon the

---

[6] Attorney Bradley Colborn appeared for Appellants on May 30, 2025.  After receiving temporary admission to the Indiana Bar, attorney Jason Pepe, an attorney who is seemingly employed at Daniel's Texas law firm, appeared for Appellants on July 25, 2025.

filing of Notice #1, which the record demonstrates was fraudulently filed without Patel's authorization. As for Notice #2, once counsel has appeared or has been appointed, a party speaks to the court through counsel. *Underwood v. State*, 722 N.E.2d 828, 832 (Ind. 2000); *Jenkins v. State*, 809 N.E.2d 361, 367 (Ind. Ct. App. 2004), *trans. denied*. "To require the trial court to respond to both [the party] and counsel would effectively create a hybrid representation to which [a party] is not entitled." *Underwood*, 722 N.E.2d at 832. Thus, if a party was represented by counsel at the time the party files a pro se motion, it is "within the trial court's discretion to accept and respond to it or to strike it." *Kindred v. State*, 521 N.E.2d 320, 325 (Ind. 1988). Notice #1 explicitly stated that it had been filed on behalf of *both* Gordon and Cates. The trial court, therefore, was not obligated to respond separately to Notice #2. *Id.*

[13] In support of their request for a voluntary dismissal, Appellants cited Trial Rule 41(A)(1), which provides as follows:

> Subject to contrary provisions of these rules or of any statute, an action may be dismissed by the plaintiff without order of court:
>> (a) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or
>> (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action.
> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same

claim. *The provisions of this subdivision shall not apply if the plaintiff in such action could not effectuate service of process, or otherwise procure adjudication on the merits.*

(Emphases added).

[14] "'[T]here is no absolute right to'" a voluntary dismissal. *Hartford Iron & Metal, Inc. v. Aug. Mack Env't Inc.*, 254 N.E.3d 1090, 1097 (Ind. Ct. App. 2025) (quoting *State ex rel. City of New Haven v. Allen Superior Ct.*, 699 N.E.2d 1134, 1136 (Ind. 1998)), *trans. denied*.

> We review the trial court's decision on a motion for voluntary dismissal under an abuse of discretion standard. *Principal Life Ins. Co. v. Needler*, 816 N.E.2d 499, 502 (Ind. Ct. App. 2004). Judicial discretion is a judge's privilege to decide and act in accordance with what is fair and equitable within the confines of justice, in light of and confined to the facts and circumstances of a particular case. *Cloyd v. Pasternak*, 791 N.E.2d 757, 759 (Ind. Ct. App. 2003). "An abuse of discretion occurs when the decision misinterprets the law or clearly contravenes the logic and effect of the facts and circumstances before the court." *Smith v. Franklin Twp. Cmty. Sch. Corp.*, 151 N.E.3d 271, 273 (Ind. 2020).

*Hartford Iron*, 254 N.E.3d at 1096.

[15] Again, Trial Rule 41(A)(1) provides that "[t]he provisions of this subdivision shall not apply if the plaintiff in such action could not effectuate service of process, or *otherwise procure adjudication on the merits*." (Emphasis added). Appellants' claims are governed by the Indiana Products Liability Act which provides that an action "must be commenced" within two years after the cause

of action accrues. Ind. Code § 34-20-3-1(b)(1). This statute of limitations applies "regardless of minority or legal disability." Ind. Code § 34-20-3-1(a).

[16] Indiana Trial Rule 3 provides that

> A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

Appellants filed their complaint with twenty-one minutes to spare on the final day of the two-year statute of limitations. There is no suggestion that they did not also file the prescribed filing fee. However, the record is clear that they did not timely submit the required summonses to the trial court. As such, they have satisfied only two of the three steps for commencing an action.

[17] We have previously concluded that satisfying only two of the three requisites for commencement of an action under Trial Rule 3 "is not adequate under our rules and case precedent to permit [a] plaintiff to continue" to litigate an action. *Fort Wayne Int'l Airport v. Wilburn*, 723 N.E.2d 967, 968 (Ind. Ct. App. 2000), *trans. denied*. The Indiana Supreme Court cited *Wilburn* with approval in *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 173 (Ind. 2002), *aff'd in relevant part*, 768 N.E.2d 899 (Ind. 2002).

[18] "Citing Trial Rule 3, our supreme court has concluded that a civil action is not timely commenced 'if the plaintiff files a complaint within the applicable statute

of limitations but does not tender the summons to the clerk within that statutory period.'" *Smith v. Haggard*, 22 N.E.3d 801, 803 (Ind. Ct. App. 2014) (quoting *Ray-Hayes*, 760 N.E.2d at 173). In *Hortenberry v. Palmer*, 992 N.E.2d 921, 926 (Ind. Ct. App. 2013), *trans. denied*, we rejected a substantial-compliance argument, recognizing that even though a strict application of Trial Rule 3 may produce a harsh result, the Indiana Supreme Court has created "a bright-line rule for determining when an action has been commenced and has left us with no discretion in the matter." Applying these cases to the instant matter, we conclude that Appellants failed to timely commence the underlying action. As such, they cannot procure adjudication on the merits, a pre-requisite for voluntarily dismissing a lawsuit pursuant to Trial Rule 41(A)(1).[7] We therefore cannot say that the trial court abused its discretion by denying Appellants' request for a voluntary dismissal.

## II. Appellees' Motions to Dismiss

[19] Appellants also contend that the trial court erred in granting Appellees' motions to dismiss the underlying case with prejudice. "Trial Rule 12(B)(6) is the vehicle for motions to dismiss for failure to state a claim upon which relief may be granted." *Brodnik v. Cottage Rents LLC*, 165 N.E.3d 126, 128 (Ind. Ct. App. 2021).

---

[7] To the extent that Appellants argue on appeal that voluntary dismissal was warranted under Trial Rule 41(B), we note that they did not raise this argument below and it is therefore waived. *See Benziger v. Radabaugh*, 267 N.E.3d 1149, 1156 n.7 (Ind. Ct. App. 2025) ("It is well settled that an issue not raised before the trial court … cannot be argued for the first time on appeal and is waived.").

A 12(B)(6) motion to dismiss tests the complaint's legal sufficiency. A complaint states a claim on which relief can be granted when it recounts sufficient facts that, if proved, would entitle the plaintiff to obtain relief from the defendant.… [A] complaint does not fail to state a claim merely because a meritorious defense may be available. But a plaintiff may plead itself out of court if its complaint alleges, and thus admits, the essential elements of a defense. An example is where the "complaint shows on its face that the statute of limitations has run[." *Nichols v. Amax Coal Co.*, 490 N.E.2d 754, 755 (Ind. 1986)].

*Bellwether Props., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 466 (Ind. 2017).

[20] We concluded above that the underlying lawsuit was not timely commenced before the expiration of the two-year statute of limitations because Appellants failed to meet the requirements under Trial Rule 3 for timely commencement of their cause of action. We further conclude that applying the Indiana Supreme Court's above-discussed bright-line rule for commencing an action, Appellants had failed to state a claim upon which relief could be granted. As such, the trial court properly granted Appellees' motions to dismiss with prejudice. *See Smith*, 22 N.E.3d at 804.

[21] The judgment of the trial court is affirmed.

Pyle, J., and Kenworthy, J., concur.

ATTORNEYS FOR APPELLANTS

Jason E. Pepe
Patrick Daniel Law

Houston, Texas

Bradley P. Colborn
Colborn Law
Granger, Indiana

ATTORNEY FOR APPELLEE
GENERAL RENTAL & SALES, LLC

Robert R. Foos, Jr.
Lewis Wagner & Trimble
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES TEREX
CORP., TEREX USA, LLC, TEREX SOUTH
DAKOTA, INC., TEREX UTILITIES, INC. AND
GENIE INDUSTRIES, INC.

Kevin C. Schiferl
Maggie L. Smith
Jordan M. Slusher
FBT Gibbons
Indianapolis, Indiana