



FILED

Apr 10 2026, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Jeffrey Gray,

*Appellant-Plaintiff*

v.

Rodney Scott Benham, Lumberjack's Bar & Grill, and Jeremy Shadday,

*Appellees-Defendants*

April 10, 2026

Court of Appeals Case No.
25A-CT-2588

Appeal from the Jennings Superior Court

The Honorable Gary L. Smith, Judge

Trial Court Cause No.
40D01-2309-CT-000024

**Opinion by Judge Felix**

Judge Mathias concurs.
Judge May concurs in result without opinion.

**Felix, Judge.**

## Statement of the Case

Exactly two years after Jeffrey Gray was physically attacked at Lumberjack's Bar & Grill ("Lumberjack's"), Gray sued his attacker and others. Gray did not tender the summonses related to his complaint until several days later. The defendants subsequently filed a motion for judgment on the pleadings, arguing that Gray did not commence his civil action within the applicable two-year statute of limitations. The trial court granted that motion and dismissed Gray's claims with prejudice. Gray now appeals and raises one issue for our review: Whether the trial court erred by granting the motion for judgment on the pleadings.

We affirm.

## Facts and Procedural History

The facts, as presented in Gray's complaint, are as follows. On September 18, 2021, Gray and Jeremy Shadday were at Lumberjack's, which is located in Jennings County, Indiana. Shadday "physically attacked" Gray. Appellant's App. Vol. II at 30. Shadday "struck [Gray] with his hands, fists, elbows, feet, and/or knees." *Id.* at 37. At some point during the attack, Gray fell, and

Shadday "continued to strike" him. *Id.* Gray "lost consciousness" because of the attack. *Id.*

[4] On September 18, 2023, Gray sued Shadday, Lumberjack's, and Lumberjack's owner Rodney Benham (collectively, "Defendants").[1] On September 26, Gray tendered the summonses for his complaint. After Defendants filed their answers, Gray was granted leave to amend his complaint. In the amended complaint, Gray sued Lumberjack's and Benham for negligence and violating Indiana Code chapter 7.1-5-10; he sued Shadday for civil battery. The Defendants answered the amended complaint, and Shadday filed an Indiana Trial Rule 12(C) motion for judgment on the pleadings (the "Motion"), in which Lumberjack's and Benham later joined.

[5] In the Motion, Defendants argued that Gray failed to timely commence this action because he did not tender the summonses on or before the two-year deadline. After briefing and a hearing, the trial court granted the Motion and dismissed all of Gray's claims with prejudice. This appeal ensued.[2]

---

[1] Gray also named David Siefker Sr. as a defendant, but Gray "has since abandoned" his claims against Siefker. Appellant's Br. at 4 n.1.

[2] Gray fails to include in his Appendix the Chronological Case Summary ("CCS") for the trial court cause underlying this appeal. We remind Gray that the CCS must be included in the Appendix, Ind. Appellate Rule 50(A)(2)(a), as the first document in volume two thereof, *id.* 51(B). Gray also fails to include in his Appendix the summonses he tendered to the clerk, Lumberjack's and Benham's motion to join Shadday's Indiana Trial Rule 12(C) motion, and the trial court's order allowing them to do so. *See* App. R. 50(A)(2)(f)– (h). Pursuant to Indiana Appellate Rule 27 and Indiana Evidence Rule 201, we have taken judicial notice of these documents. *See Horton v. State*, 51 N.E.3d 1154, 1156 (Ind. 2016) (taking judicial notice under Evidence Rule 201 of documents that were part of the Record on Appeal as defined in Appellate Rule 27).

## Discussion and Decision

### The Trial Court Did Not Err by Granting the Motion

[6] Gray challenges the trial court's decision to grant the Motion.[3] We review a trial court's ruling on a Trial Rule 12(C) motion de novo. *KS & E Sports v. Runnels*, 72 N.E.3d 892, 898 (Ind. 2017) (*Veolia Water Indianapolis, LLC v. Nat'l Trust Ins. Co.*, 3 N.E.3d 1, 5 (Ind. 2014)). To the extent the trial court's decision presents a question of law, we review such a question de novo, as well. *Brooks v. USA Track & Field, Inc.*, 272 N.E.3d 490, 494 (Ind. 2025) (citing *Horton v. State*, 51 N.E.3d 1154, 1157 (Ind. 2016)), *reh'g denied* (Feb. 13, 2026).

[7] A Trial Rule 12(C) motion tests the legal sufficiency of the pleadings. *Bayer Corp. v. Leach*, 147 N.E.3d 313, 315 (Ind. 2020) (per curiam) (citing *KS & E Sports*, 72 N.E.3d at 898). We will affirm a trial court's decision to grant a Trial Rule 12(C) motion "only where it is clear from the face of the complaint that under no circumstances could relief be granted." *KS & E Sports*, 72 N.E.3d at 898 (quoting *Veolia Water*, 3 N.E.3d at 5). Like the trial court, we "base our

---

[3] In response to the Motion, Gray designated evidence to the trial court. Trial Rule 12(C) provides that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *See also Davidson v. State*, 211 N.E.3d 914, 925 (Ind. 2023) (quoting *Milestone Contractors, L.P. v. Ind. Bell Tel. Co.*, 739 N.E.2d 174, 176 (Ind. Ct. App. 2000), *trans. dismissed*) ("A trial court converts a Rule 12 motion to a motion for summary judgment 'by its consideration of extraneous matters' regardless of whether the court converts the motion to one for summary judgment expressly"). The trial court here did not consider Gray's designated evidence, Appellant's App. Vol. II at 108, so the motion remained under Trial Rule 12(C).

ruling solely on the pleadings," and "we accept as true the material facts alleged in the complaint." *Id.* (quoting *Veolia Water*, 3 N.E.3d at 5).

[8]     The Motion was based on Gray's failure to commence this civil action within the applicable statute of limitations period. Judgment on the pleadings is particularly appropriate "[w]hen a complaint shows on its face that it has been filed after the running of the applicable statute of limitations." *Residential Warranty Servs., Inc. v. L.M. Henderson & Co., LLP*, 196 N.E.3d 711, 715 (Ind. Ct. App. 2022) (quoting *Richards-Wilcox, Inc. v. Cummins*, 700 N.E.2d 496, 498 (Ind. Ct. App. 1998)). That is, if the complaint states facts facially indicating the complaint was filed after the statute of limitations period expired, then the complaint should be dismissed at the pleading stage as barred by the statute of limitations. *Id.* (citing *State v. Alvarez ex rel. Alvarez*, 150 N.E.3d 206, 216 (Ind. Ct. App. 2020)).

[9]     Gray's civil action is for personal injury, so he had to "commence[]" it "within two (2) years after the cause of action accrue[d]." Ind. Code § 34-11-2-4(a). Pursuant to Trial Rule 3, a "civil action is commenced by" (1) "filing with the court a complaint or such equivalent pleading or document as may be specified by statute," (2) "payment of the prescribed filing fee or filing an order waiving the filing fee," *and* (3) "furnishing to the clerk as many copies of the complaint and summons as are necessary" if "service of process is required." For a civil action to be timely commenced, all three Trial Rule 3 requirements must be fulfilled within the applicable statute of limitations period. *Smith v. Haggard*, 22 N.E.3d 801, 803–04 (Ind. Ct. App. 2014). Even if a plaintiff files his complaint

within the statutory period, his failure to pay the correct fee or to tender the summons within that period renders his civil action untimely commenced. *Id.* Requiring a plaintiff to tender the summons within the statute of limitations "promotes prompt, formal notice to defendants that a lawsuit has been filed," which "helps to prevent surprise to defendants" and "helps to reduce stagnation that might otherwise occur if claims could be filed only to remain pending on court dockets without notified defendants." *Id.* at 803 (quoting *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 173 (Ind.), *aff'd in part & rev'd in part on reh'g*, 768 N.E.2d 899 (Ind. 2002)).

[10] Here, it is undisputed that on September 18, 2021, the fight occurred. It is further undisputed that unless the discovery rule applies, Gray had to *commence* his civil action on or before September 18, 2023. Gray argues that the discovery rule does apply;[4] Lumberjack's and Benham argue that it does not.

[11] The discovery rule provides that the applicable "statute of limitations does not begin to run until the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that it has been injured from tortious [or negligent] conduct." *City of Marion v. London Witte Group, LLC*, 169 N.E.3d 382, 390 (Ind. 2021) (citing *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992)). "When a cause of action accrues is generally a question of law." *Id.* (alteration

---

[4] In particular, Gray asserts that his complaint "allows on its face that [his] cause of action may have accrued on September 18, 2021 and just as equally allows that accrual may not have occurred until September 19 or September 26 of 2021 or perhaps Christmas of 2022 or July 4th of 2023." Appellant's Reply Br. at 5.

omitted) (quoting *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009)). "In a typical personal injury claim, . . . the injury occurs at the time the [tortious or] negligent act is done, and the claimant is either aware of the injury or the cause of the injury." *Rieth-Riley Const. Co., Inc. v. Gibson*, 923 N.E.2d 472, 476 (Ind. Ct. App. 2010).

[12] Nothing in Gray's complaint suggests his claim is any different from the typical personal injury claim:

> 7. On or about September 17-18, 2021, Plaintiff was present at the Property as a patron/invitee of Defendants Siefker, Benham, and/or Lumberjack's[.]
>
> 8. On or about September 17-18, 2021, Defendant Shadday was present at the Property as a patron/invitee of Defendants Siefker, Benham, and/or Lumberjack's.
>
> 9. While Plaintiff was at the Property on or about September 17-18, 2021, he was physically attacked by Defendant Shadday.
>
> 10. During and in the course of Defendant Shadday's attack on Plaintiff, Defendant Shadday knowingly and intentionally battered Plaintiff.
>
> 11. Plaintiff sustained bodily injuries during, in the course of, and as a result of Defendant Shadday's attack.
>
> 12. Subsequent to Defendant Shadday's attack, Plaintiff required and received medical care in treatment of said injuries.

Appellant's App. Vol. II at 30.

15. Plaintiff suffered damages as a result of Defendant Shadday's attack including but not limited to physical injuries, pain and suffering, mental anguish, anxiety, and economic losses.

*Id.* at 31.

44. Defendant Shadday knowingly or intentionally touched Plaintiff in a rude, insolent, or angry manner without his consent on or about September 18, 2021 at the Property.

45. Defendant Shadday knowingly or intentionally struck Plaintiff with his hands, fists, elbows, feet, and/or knees on or about September 18, 2021 at the Property.

* * *

47. In striking Plaintiff, Defendant Shadday caused Plaintiff to fall to the ground.

48. After Plaintiff fell to the ground, Defendant Shadday continued to strike Plaintiff.

49. As a direct, proximate result of Defendant Shadday's battery of him, Plaintiff lost consciousness.

*Id.* at 37.

[13] Accepting these allegations as true leads to only one conclusion: On September 18, 2021, Gray knew or should have known that he had been injured due to tortious conduct. Nothing in the complaint suggests that Gray did not know or could not have discovered until after September 18, 2021, that he had been

injured from tortious conduct. To the extent Gray relies on his allegation regarding his loss of consciousness, there are no other allegations in the complaint that lead us to believe his unconsciousness lasted for any significant period of time such that he would be precluded from knowing or discovering that on September 18, 2021, he had been injured due to tortious conduct. And this lone, unspecific allegation of unconsciousness does not create a factual dispute that bars judgment on the pleadings.

Gray had to commence his civil action based on the tortious conduct alleged in his complaint on or before September 18, 2023. It is undisputed that on September 18, 2023, Gray filed his complaint in this case and paid the appropriate filing fee. Gray completed the complaint and filing fee requirements within the statutory period. It is also undisputed that on September 26, 2023, Gray tendered the summonses to the clerk. Gray did not complete the summonses requirement within the statutory period. Consequently, Gray failed to commence this civil action within the applicable two-year statute of limitations. The trial court therefore did not err by granting the Motion and dismissing Gray's claims with prejudice, and we affirm that decision.

Affirmed.

Mathias, J., concurs.
May, J., concurs in result without opinion.

ATTORNEYS FOR APPELLANT

Bryce A. Wagner
The Wagner Law Firm, PLLC
Tallahassee, Florida


ATTORNEYS FOR APPELLEES – RODNEY SCOTT BENHAM AND LUMBERJACK'S
BAR & GRILL

Jeremy M. Dilts
Carson LLP
Fort Wayne, Indiana


ATTORNEY FOR APPELLEE – JEREMY SHADDAY

Jefferson C.M. Kisor
Bascom & Kisor
Lawrenceburg, Indiana